OF THE

## TERRITORY OF ARIZONA

DURING THE YEAR 1902

[Civil No. 780.   Filed March 18, 1902.]

[68 Pac. 543.]

DE MUND LUMBER COMPANY, Defendant and Appellant, v. WILLIAM H. STILWELL, Plaintiff and Appellee.

1. ATTORNEY AND CLIENT—LEGAL SERVICES—FEES—ACTION—MOTION TO DISMISS.—In an action by an attorney to recover for legal services, a motion to dismiss, made at the close of the plaintiff's case, upon the ground that there was no evidence against the defendant, is properly denied where the record shows that the allegations that the defendant employed plaintiff as attorney, that plaintiff rendered such services, and that such services were reasonably worth two hundred and fifty dollars, were supported by the direct testimony of the plaintiff, and that there was additional testimony as to the value of the services.

2. APPEAL AND ERROR—JUDGMENT—FINDINGS—EVIDENCE—CONFLICT—REVIEW.—The findings and judgment of the lower court based on conflicting testimony, there being substantial evidence to support them, will not be disturbed on appeal.

3. SAME—ASSIGNMENT OF ERROR—SUFFICIENCY—SUPREME COURT RULE No. 6.—An assignment of error, that the court erred in denying the defendant's motion for a new trial without stating the grounds on which the motion was based, is insufficient to raise the question of the correctness of the ruling, it not being in compliance with supreme court rule No. 6.

4. SAME—SAME—REVIEW—SCOPE.—The appellate court will only examine the record to see that the judgment follows the pleadings, upon an assignment of error that the judgment is contrary to the law, without stating wherein it is so contrary.

VIII Ariz.—1

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa. Webster Street, Judge. Affirmed.

The facts are stated in the opinion.

Chalmers & Wilkinson, for Appellant.

E. W. Lewis, for Appellee.

DOAN, J.—The appellee, William H. Stilwell, brought suit against the De Mund Lumber Company in the district court of Maricopa County to recover seven hundred and fifty dollars alleged in the complaint to be the reasonable value of legal services rendered to the said company at its special instance and request. Upon the trial of the case before the court without a jury, the defendant, at the close of the plaintiff's evidence, moved the court to dismiss the action on the ground that there was no evidence against the defendant. After the denial of this motion and the introduction of the evidence for the defendant, the court found that the defendant, on or about July 30, 1900, employed the plaintiff as attorney to render certain professional services; that the plaintiff rendered such services to the defendant; that it had not paid for the same; that the services thus rendered were worth two hundred and fifty dollars, and gave judgment for the plaintiff against the defendant for that amount and costs of suit. From this judgment and the denial by the court of a motion for a new trial the defendant appeals, and assigns the following errors: "That the court erred: (1) In denying the motion of the defendant, made at the close of plaintiff's case, to dismiss the action on the ground that the evidence did not show that any services had been rendered the defendant; (2) In finding that the defendant employed the plaintiff as attorney; (3) In finding that such services of plaintiff were rendered to defendant, and that it had not paid for the same; (4) In finding that the services rendered by the plaintiff to defendant were worth the sum of $250; (5) In denying the defendant's motion for a new trial."

Upon examining the record we discover that the allegations that the defendant employed the plaintiff as attorney, and

that such services were rendered by the plaintiff to the defendant, and that such services were reasonably worth the sum of two hundred and fifty dollars, were each and all of them supported by the direct testimony of the plaintiff in the case, and that there was additional testimony as to the value of the services. This furnished ample ground for the denial by the trial court of the motion to dismiss the action, made at the close of the plaintiff's case. The defendant, after the denial of this motion, introduced evidence to controvert that of the plaintiff relative to the employment of the plaintiff by the defendant, and also in regard to the rendition of the services and their value. But at the close of the case the issues were submitted to the court on contradictory and conflicting evidence. The record presents direct and substantial evidence to support the findings of the court in each instance cited in the assignments of error, and, in accordance with the rule that we have uniformly followed in such cases, the findings and judgment of the lower court having been based on conflicting testimony, and there being substantial evidence to support them, this court will not disturb them.

This disposes of the errors assigned, except the denial of the motion for a new trial. The assignment of this error does not meet the requirements of a proper assignment of error, inasmuch as it simply refers to the ruling of the court on the motion for a new trial, and does not state the grounds on which the motion was based, as required by rule 6 of this court (2 Ariz. 35 Pac. vii). We have examined the motion as contained in the record, and find that, in addition to the errors complained of in the other assignments, it is therein alleged that the court erred in refusing to admit testimony offered by the defendant. An inspection of the record fails to show any such refusal by the court. The transcript only shows one objection made to the evidence offered by the defendant, and that was overruled by the court. It was again urged in the motion for a new trial that the court erred for the reason that the evidence does not support the judgment, and that the judgment is contrary to the evidence and contrary to the law. It is not stated wherein the judgment is contrary to the law. The record convinces us that the judgment follows the pleadings, and that is as far as we may examine the record under this specification. We have prac-

tically covered the ground relative to the weight of the evidence in disposing of the former assignments.

We find no error in the procedure of the lower court, the judgment being sustained by the pleadings, and the record disclosing substantial evidence to support the same, and each of the several findings on which it was based. The judgment of the lower court is therefore affirmed.

Sloan, J., and Davis, J., concur.