[Civil No. 2778.  Filed November 13, 1928.]

[271 Pac. 717.]

HERBERT  N.  BRADSTREET,  Appellant,  v.
BONNY DOONE BRADSTREET, Appellee.

Messrs. Baxter & Carpenter, for Appellant.

Messrs. Hayes, Stanford, Walton, Allee & Williams, for Appellee.

LOCKWOOD, J.—Bonny Doone Bradstreet, hereinafter called plaintiff, brought suit for divorce against Herbert N. Bradstreet, her husband, hereinafter called defendant, in the superior court of Maricopa county. The matter was heard and a divorce granted, the decree providing that the custody of the two minor children of defendant and plaintiff should be alternated between the parties, each to have the children for one year at a time. Plaintiff removed to the state of California, and there married a man by the name of Bryan, defendant remaining in Arizona, and also remarrying. In June, 1927, plaintiff, who had previously had the children with her, brought them to Arizona and delivered them to their father in compliance with the decree. They remained with him until a few days before the time when, according to the decree, they were to be returned to their mother, when defendant filed a petition asking that the decree be modified, to allow them to remain permanently with him. At this time the elder of the

two children, Bonnie Doone, was thirteen years of age, and the younger Anne, was about eleven.

The trial court set the matter for hearing, and ordered that defendant furnish bond in the sum of five hundred dollars to cover the costs and counsel fees of plaintiff, in case she should prevail at the hearing, which bond was duly given. The matter was not heard by the judge who made the original order, but by one from an outside county. Evidence was presented on behalf of both plaintiff and defendant, it being the effort of defendant to show that the children's physical, moral and spiritual welfare would not be so well served by their being sent back to California to plaintiff, and plaintiff contending, on the other hand, that they were properly cared for by her, and that the original decree should stand. The court, after hearing the testimony, made the following findings of fact.

"That the removal of said children from the custody of the father to the state of California during the time they are to be in the custody of the mother of the plaintiff, will not work a hardship and be a menace to their education and training; that the grandmother of said children, Mrs. Alfred L. Hawley, of Venice, California, is a fit and proper person to have the care and custody of said children and that she is in no manner affected by the illness alleged in the defendant's petition herein; that the danger, if any, of said children while residing in California being about a hotel has been removed by the work of their mother being taken up elsewhere than with a hotel; that while said children have resided in California with the said Mrs. Alfred L. Hawley, they have not been subjected to any influence derogatory to their best welfare, but have been given proper discipline and training to inculcate in them a feeling of love and affection for each other and for the defendant; that both the mother and grandmother, Mrs. Alfred L. Hawley, are and have been looking forward to the best interest of said children in the way of their future education; that no influence has been

brought to bear by the plaintiff or her mother, Mrs. Alfred L. Hawley, to prevent correspondence between the said minor children and their father while they were separated; that the physical, moral and spiritual welfare of said minor children is being cared for in advance while in the custody of the plaintiff and defendant herein; that the plaintiff herein is still a resident of the state of California and upon the filing of the petition herein and order to show cause she has come to the state of Arizona to be present at this hearing and has brought with her witnesses from the state of California to refute the allegations of the petition of defendant; that she has incurred attorneys' fees, and expenses and railroad fares, hotel bills and other expenses; that the court herein, when the order was made to require this plaintiff to show cause why the prayer of the petitioner should not be granted, directed that a bond in the sum of $500.00 be furnished by the defendant to cover costs and counsel fee of plaintiff should plaintiff prevail in this matter. And the court further finds that in every particular the welfare of the said minors has been advanced while they were in the care and custody of their mother and grandmother, Mrs. Alfred L. Hawley, and that in no particular has the defendant herein substantiated the petition filed by him herein,''

—and refused to modify the decree in regard to the custody of the children, from which refusal defendant has appealed to this court.

There are some six assignments of error, which raise in effect but two legal questions: First, was the court's refusal to modify the decree an abuse of its discretion? Second, had it jurisdiction under the circumstances to award costs to the plaintiff? We consider these questions in their order. Paragraphs 3867, 3870, 3871, and 3872, Revised Statutes of Arizona of 1913, Civil Code, referring to the subject of divorce, read as follows:

"3867. During the pendency of such action the court may in its discretion require the husband to pay

as alimony any money necessary for the prosecution of the action, or for attorney's fees, or for the support and maintenance of the wife, or minor children of the parties, and the court may in its discretion order that execution issue therefor."

"3870. In suits for divorce the court may make such orders concerning the care and custody of the minor children of the parties and their suitable maintenance during the pendency of the action as may be deemed proper and necessary for the well-being of the children, and in the final judgment rendered in any such suit or in any suit for annulment of the marriage, the court may make such disposition of, and provision for the minor children, as shall be deemed most expedient under all circumstances, and for the present comfort and future well-being of such children.

"3871. The court may award costs to the party in whose favor the decree shall be granted, or that each party shall pay his or her own costs, as to the court shall appear reasonable.

"3872. The court may from time to time after the entry of final decree, on petition of either of the parties, amend, revise and alter such portions of the decree as relate to the payment of money for the support and maintenance of the wife or the expenses of the proceedings, as may be deemed just, and may at any time or from time to time after the entry of final decree amend, change or alter any provision therein respecting the care, custody or maintenance of the children of the parties as the circumstances of the parents and the welfare of the children may require."

It will be seen, upon examining them, that in determining the custody of children in a divorce proceeding the primary consideration is the present comfort and future well-being of the children. While there are certain rules commonly followed by courts in determining this question, such as paragraph 1122, Revised Statutes of Arizona of 1913, Civil Code, which reads as follows:

"1122. In awarding the custody of a minor, or in appointing a general guardian, the court is to be guided by the following considerations:

"(1) By what appears to be for the best interest of the child in respect to its temporal and its mental and moral welfare; and if the child be of sufficient age to form an intelligent preference, the court may consider that preference in determining the question.

"(2) As between parents adversely claiming the custody or guardianship, neither parent is entitled to it as of right; but, other things being equal, if the child be of tender years, it should be given to the mother; if it be of an age to require education and preparation for labor or business, then to the father.

"(3) Of two persons equally entitled to the custody in other respects, preference is to be given as follows:

"(1) To a parent.

"(2) To one who was indicated by the wishes of a deceased parent.

"(3) To one who already stands in the position of a trustee of a fund to be applied to the child's support.

"(4) To a relative,"

—yet the final determination is and must be based upon what the court considers would be for the best permanent interests of the children. The wishes of the parents, of course, may and should be considered, but their desires and their happiness will never be allowed to interfere with the child's true welfare. *McFadden* v. *McFadden*, 22 Ariz. 246, 196 Pac. 452; *Harper* v. *Tipple*, 21 Ariz. 41, 184 Pac. 1005; *In re Dillman's Estate* 16 Ariz. 323, 145 Pac. 143; *Weiss* v. *Weiss*, 174 Mich. 431, 140 N. W. 587; 19 C. J. 343, and cases cited.

The trial court in this case heard the witnesses, saw them face to face, examined the children, and determined that their welfare would be best served by allowing the original decree to stand. Under the decisions of this court, findings of this nature will not be disturbed by us, unless it clearly appears that they

are not supported by the evidence, and that the court has abused its discretion. Nor will this court disturb findings or a judgment based thereon, when the evidence of the case is in sharp conflict. *De Mund Lumber Co.* v. *Stilwell,* 8 Ariz. 1, 68 Pac. 543; *Willard* v. *Carrigan,* 8 Ariz. 70, 68 Pac. 538; *Blackford* v. *Neaves,* 23 Ariz. 501, 205 Pac. 587; *Shelton* v. *Culley,* 25 Ariz. 530, 220 Pac. 229.

We have examined the evidence in this case carefully, and the usual conflict in matters of this kind appears therein. Each party is naturally extremely desirous of retaining the custody of the children. Neither, it may be assumed, is that perfect human being, long sought for, but never found. Each, in endeavoring to present his or her case to the best advantage, has magnified the defects of the other, while minimizing the virtues. Taking the evidence as a whole, we certainly cannot say that it preponderates so strongly in favor of defendant that this court would be justified in holding the trial court abused its discretion in the premises. As a general thing, it is probably true that, when the custody of children is in question at the end of divorce proceedings, their best interests would be served by placing them permanently with one parent or the other, rather than alternating their custody. This, however, is not always true, and we cannot say it is necessarily so in the present case. Such being the situation, under our long familiar practice, we must sustain the order of the court so far as the custody of the children is concerned.

On considering the second question, in regard to the awarding of costs to plaintiff, it appears from the Arizona statutes above quoted that the court may, in its discretion, require the husband to pay all the expenses in a divorce proceeding, including attorney's fees, and that, even after the entry of final judgment, such orders may be modified from time to time. A

divorce action differs from the ordinary one, in that it may be and generally is held open indefinitely for the purpose of revision in regard to alimony and the custody of children. The statute not only gives the court the right to order the husband to pay any money necessary for the prosecution of the action and attorney's fees, but also the right to amend, revise, and alter any portion of the decree relating to "the expenses of the proceeding." We think this ample to give it discretion whenever the decree is opened for any purpose to require that the husband pay the expenses thereof. Of course, the discretion must be exercised in a reasonable manner.

Since defendant in this case was the one who caused the matter to be reopened, compelling plaintiff to come here from California and secure counsel to answer his petition, and since the issues were decided in favor of plaintiff, it was but just that defendant pay the expenses which he had caused. We cannot say the amount fixed is unreasonable, and for the foregoing reasons the order of the trial court is affirmed.

ROSS, C. J., and McALISTER, J., concur.