[Civil No. 4781.   Filed November 26, 1945.]

[163 Pac. (2d) 850.]

KATHALEEN IONA PATTERSON, Appellant,
v. HARRY R. PATTERSON, Appellee.

Messrs. Struckmeyer & Struckmeyer, for Appellant.

Mr. J. V. McCrory and Mr. Terrence A. Carson, for Appellee.

RUSSELL, Superior Judge.—Plaintiff, appellant here, brought suit for divorce against her husband, defendant-appellee. The complaint alleged cruelty of the defendant toward plaintiff. Defendant denied all the allegations of the complaint, and filed a cross complaint alleging cruelty against the plaintiff and praying for divorce and the custody of the minor children.

The matter was heard by the court, and a decree of divorce was granted to the defendant upon his cross complaint. He was awarded the community property, including personal property, bonds, and a small savings account. One horse, saddle and bridle were awarded to plaintiff. Custody of the children was awarded to the defendant, with reasonable visitorial privileges to the plaintiff, the children to be surrendered to the defendant forthwith. Defendant was required to pay plaintiff's attorneys' fees, and costs.

From this judgment, plaintiff appeals to this court.

There are two assignments of error submitted for our consideration:

"1. The court erred in entering judgment awarding the custody of the minor children to the appellee for the reason that the said judgment is contrary to the best interest of the children as shown by the record herein, and is an abuse of judicial discretion.

"2. The court erred in entering judgment that defendant take all of the community property except one designated item, for the reason that the court was without jurisdiction to strip the appellant of her entire interest in the community property, and the said judgment was, and is, an abuse of discretion."

Counsel in their brief argue that the mother is the natural custodian of minor, female children. In *McFadden* v. *McFadden*, 22 Ariz. 246, 196 Pac. 452, 453, this court discussed the claim of parents to children, holding in part as follows:

"Naturally, the claims of the father and mother to the custody of their offspring are equal when shorn of

every other consideration than parenthood, and as long as the marriage status is maintained the law recognizes these natural claims. When, however, the heads of the family disagree and apply to the courts for a dissolution of the marriage relation, and it is no longer possible for the child to have their joint aid, comfort and support, but that of only one of them, the courts invariably should choose the one most suitably fitted to assume and properly discharge the parental care that the child's age, sex, health, training, and education demand. The latter's welfare then becomes the paramount consideration.''

In this case the court made the following pronouncement: ''The rule seems to be if the child is of tender years, needing a mother's care and attention, all other things being equal, preference should be given to her in the award. . . . '' This does not mean that the mother has a paramount preference to the children if of tender years. Whether the mother is to be awarded the custody depends upon the circumstances of each particular case. The primary consideration always is the best interests of the children. *Bradstreet* v. *Bradstreet*, 34 Ariz. 340, 271 Pac. 717.

Answering the second assignment of error, the division of the community property after dissolution of marriage, Section 27–805, Arizona Code Annotated 1939, insofar as it has any bearing upon this case, reads as follows:

''On entering a decree of divorce the court shall order such division of the property of the parties as to the court shall seem just and right, according to the rights of each party and their children, without compelling either party to divest himself or herself of the title to separate property.''

In making the division of the community property, the court in this case favored the defendant by decreeing most of the property to him. In so doing, he must have taken into consideration that the defendant doubtlessly would be under a greater burden of expense

than the plaintiff, that he would have all of the responsibility for the care, support, health and education of the children, and, therefore, his interest in the community property should be greater, which could readily have been the reverse had the plaintiff been granted the divorce. The law of this state does not require that the community property be divided equally when a divorce is granted to either party. Section 27–805, *supra,* provides:

" . . . the court shall order such division of the property of the parties as to the court shall seem just and right, according to the rights of each party and their children, . . . ."

■■ Under this statute, there is no compulsion on the trial court to divide the community property evenly. The court is vested with discretion and may award the greater portion thereof to one or the other of the parties. *Malich* v. *Malich,* 23 Ariz. 423, 204 Pac. 1020; *Schwartz* v. *Schwartz,* 52 Ariz. 105, 79 Pac. (2d) 501, 116 A. L. R. 633. In the absence of the abuse of such discretion, the award will be upheld.

■ The plaintiff argues that the court did not make any finding that the plaintiff was not a fit and proper person to have the custody of the minor children. The abstract of record does not show that any demand was made by plaintiff that the court make findings of fact and conclusions of law in this case, and having failed to do so, she may not be heard to complain in this court.

The trial court had the advantage of seeing and observing the plaintiff and defendant in this case, their manner and demeanor, and hearing the evidence offered by the witnesses of the parties, and from such observations and evidence it made its order in favor of the defendant.

■ The testimony taken at the trial was not made a part of the record on appeal. We must, therefore, assume that the evidence was sufficient to support the

judgment of the trial court. *Holman* v. *Roberts,* 35 Ariz. 110, 274 Pac. 775; *Petersen* v. *McEvoy,* 45 Ariz. 102, 39 Pac. (2d) 942; *Macneil* v. *Vance,* 48 Ariz. 187, 60 Pac. (2d) 1078. We cannot say with respect to the award of the custody that all things were equal between the plaintiff and defendant. We assume that the evidence disclosed the facts to be otherwise, and that the best interests of the children would be promoted by placing their custody in the father. Likewise, there is nothing before us to indicate that the court abused its discretion in awarding practically all of the community property to the defendant.

The judgment is affirmed.

STANFORD, C. J., and MORGAN, J., concur.

NOTE: Justice LaPRADE having been disqualified, the Honorable H. L. RUSSELL, Judge of Superior Court of Coconino County, was called to sit in his stead.