356 P.2d 1023

H. S. GALBRAITH, Appellant,

v.

Clare GALBRAITH, Appellee.

No. 6703.

Supreme Court of Arizona.

Nov. 16, 1960.

Lewis, Roca, Scoville, Beauchamp & Linton, and John P. Frank and A. Gordon Olsen, Phoenix, for appellant.

Marvin Johnson, Phoenix, for appellee.

PHELPS, Justice.

This is an appeal from a judgment of the superior court of Maricopa county amend-

ing a decree of divorce. The original divorce action was instituted by plaintiff-appellee Clare Galbraith against defendant-appellant Henry S. Galbraith. The parties will hereinafter be referred to as they appeared in that action, i. e., as plaintiff and defendant.

The facts in this case are not materially in conflict and may be briefly stated as follows: The parties were married on November 8, 1942, in Dallas, Texas, and thereafter a decree of divorce was granted the plaintiff on June 23, 1953, by the superior court of Maricopa county. The divorce was granted to the plaintiff primarily because of her mental illness and because the marriage had reached a stage at which it was desirable to terminate it for her own welfare. In the divorce action the plaintiff in consequence of such illness desired that the four minor children of the parties (Henry Thomas Galbraith born May 10, 1944; Richard Raymond Galbraith born June 4, 1946; Kathleen Kearney Galbraith born October 25, 1948; and Carol Jean Galbraith born June 9, 1950) be placed in the custody of the defendant. The trial court awarded the care, custody and control of the minor children to the defendant with reasonable visitorial rights in the plaintiff until further order of the court.

On May 27, 1957, the trial court pursuant to a stipulation between the parties modified the divorce decree as to the visitorial rights of the plaintiff without altering the defendant's custody of the minor children.

In February of 1958 the plaintiff petitioned the trial court to exercise its continuing jurisdiction over the divorce decree and to amend the provision set out above by awarding the care, custody and control of the minor children to the plaintiff. The defendant's response to this petition alleged: That there had been no substantial change of circumstances to justify an amendment of the decree; that the plaintiff had not fully recovered from her mental illness, and that the best interests of the minor children would not be served by a change of custody. During the trial the plaintiff abandoned her petition as to the two boys. On April 23, 1958, the trial court awarded to the plaintiff the care, custody and control of the two minor girls on the grounds that the plaintiff had recovered from her mental illness and that it would be to the best interests of the minor girls.

At the time of the divorce proceedings the plaintiff was suffering from a mental illness classified as schizophrenic dissociative perplexed emotionally unstable phase. Stating the illness in simpler terms, she was suffering from a considerable unconscious conflict mostly revolving about the mixture of positive and negative feelings toward her husband and her marriage to him, and conflicts on philosophical problems. She dealt with phantasies and would worry

about them. In September of 1950 she went under the care of Dr. Richard E. H. Duisberg, a psychiatrist. Under his care she was institutionalized and given many electric shock treatments to control the excessive excitement of her personality. Her last such treatment occurred in 1954.

Since the divorce the plaintiff, still under the care of her psychiatrist, obtained a Bachelor of Science Degree from Arizona State University at Tempe, and has been teaching third grade in a Scottsdale elementary school since about 1957. At the time of the trial Dr. Duisberg testified that he believed the plaintiff was well enough to have the children even though "she is still psychotic in some areas."

The plaintiff has remained single and lives in a one-bedroom apartment. She stated that if she obtained the children she would rent either a three-bedroom house or a two-bedroom apartment.

On July 19, 1953, the defendant married his present wife, Thelma Galbraith. Thelma had two children by a prior marriage and defendant and Thelma have had one child since their marriage. They live in a house in Phoenix with enough rooms that each child can have his or her own bedroom. The yard is well equipped for children.

The defendant is gainfully employed in the lumber business among other things.

Presently he is supervisor of the Western Division of the Foxworth-Galbraith corporations.

The question presented on the merits of the case is: Does the evidence show a change of circumstances surrounding the children involved affecting their welfare between June 23, 1953, when the custody was given to the defendant, and April 23, 1958, the date of the order from which this appeal was taken?

A.R.S. § 25-321:

"The court may from time to time after entry of final judgment, on petition of either party, amend, revise and alter the portions of the decree which relate to payment of money for the support and maintenance of the wife or the expenses of the proceedings, as may be just, and may amend, change or alter any provision of the judgment respecting the care, custody or maintenance of the children of the parties as circumstances of the parents and welfare of the children require."

Under this statute the court retains continuing jurisdiction to modify or amend the custody provision of minor children in a divorce judgment. However, it has been held by this court that a condition precedent to the modification of the custody provisions is a showing of changed circumstances affecting the welfare of the child.

Burk v. Burk, 68 Ariz. 305, 205 P.2d 583; Cone v. Righetti, 73 Ariz. 271, 240 P.2d 541; Davis v. Davis, 78 Ariz. 174, 277 P.2d 261; Schulze v. Schulze, 79 Ariz. 86, 284 P.2d 457; Ward v. Ward, 88 Ariz. 130, 353 P.2d 895. It is manifest that such power to modify such a decree should only be exercised for the most cogent reasons. Gotthelf v. Gotthelf, 38 Ariz. 369, 300 P. 186; Davis v. Davis, supra. Even if the requisite proof of changed circumstances is made, the modification prayed for will be granted only if the welfare of the child will be advanced thereby. Ward v. Ward, supra.

■■ The primary consideration in custody cases is the welfare of the children. The trial judge is in the best position to determine what is best for the children and unless it clearly appears that he has mistaken or ignored the evidence, this court will not disturb his decision. McFadden v. McFadden, 22 Ariz. 246, 196 P. 452; Bradstreet v. Bradstreet, 34 Ariz. 340, 271 P. 717; Ward v. Ward, supra

In the order appealed from in this case, the trial court found that the plaintiff had recovered from her mental illness and that it would be to the best interests of the minor girls to be with the plaintiff. The court noted in its order that it was because of the plaintiff's mental illness that the plaintiff released her children in the original divorce proceeding.

We therefore come to the question of whether there was a substantial change of circumstances to warrant the change of custody from defendant to plaintiff.

" * * * before the court has authority to change the custody of a minor child it must be shown that there had arisen a change in the conditions or circumstances surrounding the children affecting their general welfare and that it would be for their best interests that a change in custody be made." Cone v. Righetti, supra [73 Ariz. 271, 240 P.2d 544].

■■ To reach a decision in this case it is necessary to turn to the evidence. Therefore, we have read carefully all the evidence in the record. Since the original decree awarding the custody of the children to the defendant we find that the only evidence which is offered in support of the plaintiff's petition related to her mental illness. The evidence shows that the plaintiff is still under the care of her psychiatrist and is a teacher in an elementary school. The psychiatrist testified that the plaintiff while still psychotic in some areas, "has now reached a quite stable level and has recovered essentially from this schizophrenic dissociative perplexed emotionally unstable phase." We believe there was sufficient evidence presented on this issue for the trial court to find that the plaintiff had

recovered from her mental illness. This one fact alone however is not sufficient to warrant a change of custody.

While it is the law of this jurisdiction that where custody of minor children needing a mother's care and attention is involved, all other things being equal, preference should be given her in the award; Johnson v. Johnson, 64 Ariz. 368, 172 P.2d 848; Patterson v. Patterson, 63 Ariz. 499, 163 P.2d 850; the fact that now "all other things are equal" does not mean the mother has a paramount preference to the children of tender years. Whether the mother is to be awarded the custody depends upon the circumstances of each particular case. The primary consideration always is the best interests of the children. Bradstreet v. Bradstreet, supra; Patterson v. Patterson, supra. The terms of the decree should be modified, not to gratify the father or mother or to punish either of them, but only for the protection and good of the children. Gotthelf v. Gotthelf, supra.

We therefore come to the controlling element in this case, i. e., the welfare of the two minor girls. The evidence before us shows that the children have lived with their father and stepmother since shortly after the original decree in 1953. They live in a more than modest home. In this home they live with their two brothers, two stepbrothers and a half brother. The defendant has employed in the house a full time cook and part time help for heavy housework and ironing, thus permitting the stepmother to spend more time with the children's activities. The children are doing well in school and attend Sunday School regularly. Apart from this the defendant plans regular outings for the family to enjoy as a unit. It should be noted here that the trial judge did not interview any of the children personally.

The plaintiff now asks that the minor girls be taken out of this environment and placed in her custody. The plaintiff's immediate housing plans if she obtains the girls is to rent either a home or another apartment and employ a housekeeper while she teaches school. She asks that the minor girls be taken away from the companionship of their brothers and from the only home life and family love they have known since they were approximately two and four years of age because she believes it would be for their best interests.

We fail to find any evidence in the record showing a change in the circumstances and conditions surrounding these children affecting their general welfare since the court's order of June 23, 1953. We find no evidence that the welfare of the children would be improved by taking them

**364**

out of their present environment and the custody of their father and placing them in the custody of their mother who cannot devote her entire time to their training under the circumstances now existing. This is true however great our sympathies may be for the mother. We have previously held that the moving party in order to obtain a change of custody must show a change of circumstances and conditions since the original decree, which circumstances and conditions affect the children whose welfare is the paramount consideration at all times. Cone v. Righetti, supra; Davis v. Davis, supra. It is our view that the plaintiff here has failed to sustain the allegations of her petition for a modification of the decree. It clearly appears that the trial judge has either mistaken the evidence in reaching his decision or has overlooked the fact that the dominant consideration is the welfare of the children. Material advantages or disadvantages are wholly beside the issues in this case.

We hold that the trial court's order amending the custody provisions of the divorce decree as to the two minor girls was erroneous.

The judgment is reversed.

STRUCKMEYER, C. J., and BERNSTEIN, UDALL, and LESHER, JJ., concurring.