413 P.2d 784

**Victor J. BORG, Appellant,**

v.

**Gayle M. BORG, Appellee.**

**No. 2 CA–CIV 174.**

Court of Appeals of Arizona.

May 4, 1966.

Cattany & Howe, by Joseph D. Howe, Tucson, for appellant.

Houston & Brown, Ray C. Brown, Tucson, for appellee.

KRUCKER, Chief Judge.

This is an appeal from an order of the Superior Court of Pima County modifying a divorce decree regarding visitation rights of the appellee, Mrs. Borg. The order allows Mrs. Borg to have two of the children, aged seven and five years, visit with her in Nevada for a period of one month each summer. From that order appellant, Mr. Borg, appeals.

Mr. Borg filed a complaint for divorce on August 25, 1964. Default was entered and a divorce granted incorporating a property settlement agreement signed by both parties. The settlement provided that Mr. Borg was to pay Mrs. Borg a certain sum in satisfaction of her interest in the community property, that Mr. Borg was to have custody of the two children and that Mrs. Borg was entitled to reasonable visitation privileges. The agreement also contained several other provisions regarding a third minor child.

On November 17, 1964, Mrs. Borg filed a petitioner to vacate the decree of divorce and to obtain custody of the children. That petition was denied and on December 9, 1964, Mrs. Borg filed another petition to amend the divorce decree again seeking custody of the children. The petition was also denied but the court ordered that reasonable visitation privileges, as contained in the divorce decree, meant "the right of the mother, * * * to have possession of the children for a twenty-four (24) hour period and the right to take them to her home and have them with her once a week; * * *"

On July 2, 1965, Mrs. Borg filed another petition to amend the divorce decree alleging that she was moving to Reno, Nevada and would, therefore, be unable to have the children visit with her every week. She asked the court to modify the divorce decree by providing that she be allowed to have the children visit with her in Nevada for a two-month period each summer. Upon hearing the matter, the court ruled that Mrs. Borg could have the children for a one-month period each summer in Nevada. The court also admonished Mrs. Borg that if she at any time decided to disobey the court's order by failing to return the children at the expiration of such periods, she would undoubtedly lose her visitation rights completely.

Mr. Borg has appealed challenging the jurisdiction of the court to enter its order

granting Mrs. Borg the right to have the children for a one-month period each summer. It is urged that a final divorce decree becomes res judicata settling the rights of the parties and that the only basis for jurisdiction is contained in A.R.S. § 25–321, which provides for modification of judgments "respecting the care, custody or maintenance of the children of the parties as circumstances of the parents and welfare of the children require." Appellant further asserts that since the only change in circumstances shown in this case was the fact that Mrs. Borg planned to move to Nevada, there being no showing that any change would occur respecting the children's welfare, no jurisdiction to modify the divorce decree existed in the lower court. Appellant cites Ward v. Ward, 88 Ariz. 130, 353 P.2d 895, modified 88 Ariz. 285, 356 P.2d 30 (1960), in support of the proposition that a change in the circumstances of the parents alone is not sufficient to justify a change in visitation or custody provisions.

There can be no doubt that A.R.S. § 25–321 provides continuing jurisdiction to amend, change or alter the provisions of a decree relating to the custody of minor children. Andro v. Andro, 97 Ariz. 302, 400 P.2d 105 (1965); Smith v. Smith, 90 Ariz. 190, 367 P.2d 230 (1961); Galbraith v. Galbraith, 88 Ariz. 358, 356 P.2d 1023 (1960). However, as noted in Andro v. Andro, 97 Ariz. at 305, 400 P.2d at 107–108:

"It is, * * * the rule that as a condition to modification of custodial provisions of the original divorce decree there must be shown a change of circumstances materially affecting the welfare of the children. (Citing case.) In such matters pertaining to custody the best interest of the child is the primary consideration of the court; so where a change of custody is sought, it must be shown that the welfare of the child will be advanced by the change. (Citing cases.) The trial court is in the best position to judge what will be in the best interest of the child and this Court will not disturb that judg-

ment on appeal unless it clearly appears the trial court has abused its discretion. (Citing case.) But if the record shows an abuse of sound judicial discretion this Court will not hesitate to reverse or modify. (Citing cases.)"

In the recent case of Rodgers v. De Arman, 100 Ariz. 269, 413 P.2d 744 (filed April 27, 1966), the Arizona Supreme Court stated:

"A.R.S. § 25–321 concerns itself with the welfare of the child. Change of circumstances is merely another form of evidence which the court in its discretion may consider, In Re Walker, 228 Cal. App.2d 217, 39 Cal.Rptr. 243, but the only question of consequence is whether the change of circumstances better serve the general welfare and best interests of the child. Galbraith v. Galbraith, 88 Ariz. 358, 356 P.2d 1023.

"Since the primary, paramount, and controlling consideration is the welfare of the child, Galbraith v. Galbraith, supra; Clifford v. Woodford, 83 Ariz. 257, 320 P.2d 452, that question is directed to the discretion of the trial court and in making its determination the court has a broad latitude. Andro v. Andro, 97 Ariz. 302, 400 P.2d 105."

In accordance with these pronouncements, we are of the opinion that the basic issue for determination in this appeal is whether the lower court abused its discretion by modifying the decree of divorce on the evidence presented at the trial pertaining to a change of circumstances affecting the welfare of the children.

An examination of the record has revealed that Mrs. Borg testified that she intended to move from Tucson to Reno, Nevada, that as a consequence she would be unable to have the children visit with her once each week, that the reason she planned to move to Reno was that the weekly visits with the children were unbearable causing "upset and friction every week", that she desired to have the children visit with her for a two-month period each summer in Nevada, and that her mother lived in Fal-

lon, Nevada, approximately 80 miles from Reno. This constitutes the complete testimony regarding the change in circumstances upon which appellee based her request for modification of the divorce decree. Thereafter, appellant introduced evidence challenging the fitness of Mrs. Borg to have extended custody of the children pointing out that her situation in Reno, regarding employment, living accommodations and baby-sitting arrangements, was extremely tenuous. Upon this state of the record, the trial judge entered an order granting Mrs. Borg custody of the two children for a period of one month each summer.

It cannot be disputed that "(t)he trial court is in the best position to judge what will be in the best interest of the child(ren) and this Court will not disturb that judgment on appeal unless it clearly appears the trial court has abused its discretion." Andro v. Andro, supra. It is equally established and beyond dispute that the primary consideration in custody cases is the welfare and best interests of the children. Andro v. Andro, supra; Galbraith v. Galbraith, supra; Ward v. Ward, supra; Bailey v. Bailey, 3 Ariz.App. 138, 412 P.2d 480.

Our Supreme Court stated in Fought v. Fought, 94 Ariz. 187, 188, 382 P.2d 667, 668 (1963), involving the issue of reduction of child support payments:

"To determine that there has been an abuse of discretion, as appellant claims, the record must be devoid of competent evidence to support the decision of the trial court. Further, in testing the sufficiency of the evidence it must be taken in the strongest manner in favor of the appellee and in support of the court's findings, and a judgment will not be disturbed when there is any reasonable evidence to support it." (Citing case.)

We cannot state that the record in this case is "devoid of competent evidence to support the decision of the trial court." The trial court must have latitude in the exercise of sound discretion in child custody matters and we will not substitute our judgment, based on our review of a cold record, for that of the trial judge who has had the benefit of witnessing the proceedings before him. The exercise of sound legal discretion in such matters is invaluable to the effective administration of disputes while maintaining the best interests of the children as the paramount consideration of the court.

The court had before it evidence of Mrs. Borg's moving and that such move was partially motivated by the fact that her weekly visitation with the children was unbearable causing "upset and friction every week." In an order on Mrs. Borg's prior petition for modification of custody provisions of the divorce decree, the court ruled that the welfare of the children warranted weekly visitation with their mother and the court may well have been concerned with the fact that her moving to Nevada would preclude such visits. As noted in 67 C.J.S. Parent and Child § 8, page 631 (1950):

"A parent who is a proper person is entitled, when the custody of the child is given to the other parent or another person, to have access to, and to be allowed to visit or be visited by, the child at reasonable times, and occasionally to have temporary custody of the child at suitable times, such as during summer vacation periods."

In view of the foregoing, we hold that the record does not show a clear abuse of discretion. Absent such abuse, the judgment should stand.

Judgment affirmed.

HATHAWAY and MOLLOY, JJ., concur.