701 P.2d 1236

**Christina M. HINDSLEY, Petitioner/Appellant,**

**v.**

**Stephen M. HINDSLEY, Respondent/Appellee.**

**No. 2 CA–CIV 5350.**

Court of Appeals of Arizona, Division 2, Department A.

June 12, 1985.

Scott L. Taylor, Tucson, for petitioner/appellant.

Barton & Halladay, P.C. by Michael Barton, Tucson, for respondent/appellee.

## OPINION

FERNANDEZ, Judge.

The question in this case is whether the trial court had authority to order a change in the primary physical residence of the minor child of the parties over whom the parties have joint custody although it has been less than one year since the original custody order was entered and although the requirements of A.R.S. § 25–339 and Rule 8.4(f), Pima County Superior Court Local Rules, 17A A.R.S., were not met. We hold the order was not a modification of custody and affirm.

The marriage of the parties was dissolved pursuant to a decree entered May 9, 1984. A bifurcated custody hearing was held July 30, and the parties agreed to joint custody of their then 22-month-old son with primary physical custody in the mother and secondary custody in the father. The parties also agreed to a visitation schedule suggested by the Conciliation Court whereby the father would have the child the first seven days and third weekend of each month plus three weeks in the summer and seven days after Christmas.

The mother had had temporary sole custody pursuant to agreement since the filing of the petition for dissolution. During that period the father had twice filed petitions to hold the mother in contempt because of problems with visitation. After the hearing on the first petition, the court had ordered the parties to follow a specific visitation schedule and had denied the contempt petition. The hearing on the second petition was held together with the trial on the dissolution petition. The mother was found to be in contempt of the prior order and was admonished to obey it. The court also ordered the father to have reasonable visitation at all times.

In November 1984 a third petition for contempt was filed listing problems the father had had with visitation since the entry of the final decree in August. After a hearing an order was entered in February 1985 that the father would have primary physical custody and the mother would have the same visitation schedule as the father had previously had. The court stated the schedule was to be the minimum amount of visitation and strongly urged the parties to cooperate in more liberal visitation. Neither party was held in contempt of court.

The wife objected to the form of judgment, on the same grounds as are presented to us, and this expedited appeal followed the court's refusal to change the order.

The primary contention on appeal is that the court's order was in reality an order modifying custody and thus was in violation of A.R.S. § 25–332(B) which prohibits such motions within one year of entry of the custody decree. There is no question that the order was entered only seven months after the custody decree.

The record shows the parties and the court were cognizant of § 25–332(B). When the father filed his petition for contempt, the mother cross-petitioned seeking sole custody and the father's response stated that result was not yet available. At the hearing the court noted there could be no order awarding sole custody because the statute prevented it. When the mother objected to the form of judgment, the court found the statute was not applicable because custody had not been changed. The court noted the parties still had joint custo-

dy and only the primary residence of the child had been changed.

■ We find no error in the court's ruling. Pursuant to agreement the parties held joint custody of the minor child prior to the order, and they continue to hold joint custody. The order did not effect any change from joint custody to sole custody in one parent. As was stated in the recent case of *Ingram v. Heath*, (No. 2 CA–CIV 5320, filed May 15, 1985), "Custody of a child involves more than the right to be with the child." Slip op. at 6. This court in that opinion adopted the definition of custody in A.R.S. § 8–101(4).

" 'Custody' means a status embodying the following rights and responsibilities:

(a) The right to have physical possession of the child.

(b) The right and the duty to protect, train and discipline the child, and

(c) The responsibility to provide the child with food, shelter, education and ordinary medical care, and the authority to consent to surgery or other extraordinary medical care in an emergency."

Joint custody does not mean a fifty-fifty sharing of time. "Each case will depend on the child's age, the parents' availability and desires, and other factors." *Plemer v. Plemer*, 436 So.2d 1348 at 1350 (La.App. 1983); see also *Carroway v. Carroway*, 441 So.2d 494 (La.App.1983). "The essence of custody is the companionship of the child and the right to make decisions regarding his care and control, education, health, and religion." *Lerner v. Superior Court*, 38 Cal.2d 676 at 680, 242 P.2d 321 at 323 (1952). That essence has not been modified in this case; all that has changed is that the child will spend somewhat differing amounts of time with each parent than he did before.

Although joint custody is a relatively new concept in Arizona, and there are no appellate decisions governing it, joint custody has been awarded for some time at the trial level. Again, we find the case of *Ingram v. Heath*, supra, to be persuasive. This court there quoted a definition of joint custody as being

" 'an arrangement in which (1) the parents share equally the authority and responsibility for making decisions that significantly affect the welfare of their child and (2) the child lives with each of them on an equal or split time basis.' " Slip op. at 7, quoting *Taylor v. Taylor*, 60 Md.App. 268 at 272, 482 A.2d 164 at 166 (1984).

Although the child in this case does not live with each parent on an equal basis, he does live with each for a substantial portion of time each month. There was no testimony that the decisions regarding his welfare are not made jointly. Those conditions have not changed with the trial court's ruling. Since this court found that the change in the visitation order in *Ingram v. Heath*, supra, did not create joint custody, we see no basis on which to find that the shift in physical presence here destroyed the joint custody that had been agreed to.

Having determined that the order was not a modification of custody, we also find there is no merit to the mother's contention that the requirements of A.R.S. § 25–339 and Rules 8.4(f) and 8.5(a), Pima County Superior Court Local Rules, 17A A.R.S., were not met. In light of our finding that no modification was effected, we find those requirements were inapplicable to these proceedings. That finding also determines an additional contention that the court failed to make a finding that there had been a change in circumstances since the decree had been entered. No such finding was required since the order was not a modification of custody.

■ In addition to that contention, the mother complains that because the requirements were not met, she had no knowledge that a change of physical residence had been requested. We note the father's peti-

tion, among other things, requested a lengthy visitation/custody stay with the father to determine if he would be more likely to extend visitation to the mother. At the hearing the court stated that it was her understanding the father was seeking a change of physical presence but was calling it visitation. The mother did not object to that characterization. It appears from the testimony that the parties were fully aware of the issues involved.

Finally, the mother complains the order was arbitrary and capricious in its finding that the mother "ha[d] not cooperated in the intent of the joint custody agreement in allowing liberal visitation and in cooperating in visitation" since the custody decree did not refer to "liberal visitation." She also complains that the action appears to punish her by transferring custody which is not permitted under *Galbraith v. Galbraith,* 88 Ariz. 358, 356 P.2d 1023 (1960).

Although the custody decree did not mention "liberal visitation," it did order the visitation schedule to be in accordance with the report of the Conciliation Court. That report noted that if difficulties with regard to withholding of visitation arose, a consideration of modification should occur. It stated that would not be true if the parties were to cooperate · on substitute or alternate visitation because of different family circumstances.

■ The trial court found the mother had not cooperated in the visitation schedule, and there was ample evidence to support that finding. She also found the evidence showed the father was more likely to permit frequent contact between the mother and son. The record supports that finding as well.

Since there is reasonable evidence to support the court's order, it is affirmed. *Richter v. Dairy Queen of Southern Arizona,* 131 Ariz. 595, 643 P.2d 508 (App. 1982).

BIRDSALL, P.J., and HOWARD, J., concur.