NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

AMANDA JAYNE KITCHEN, *Petitioner/Appellee*,

*v.*

MAX T. FLEMING, SR., *Respondent/Appellant*.

No. 1 CA-CV 18-0241 FC
FILED 2-21-2019

Appeal from the Superior Court in Maricopa County
No. FC 2017-092795
The Honorable Laura M. Reckart, Judge

**AFFIRMED**

APPEARANCES

Max T. Fleming, Sr., Queen Creek
*Respondent/Appellant*

Amanda J. Kitchen, Tempe
*Petitioner/Appellee*

---

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Randall M. Howe joined.

---

**C A M P B E L L**, Judge:

¶1 Max Fleming Sr. ("Father") appeals from the dissolution decree and subsequent nunc pro tunc order ending his marriage with Amanda Kitchen ("Mother"). Father argues the family court erred (1) by not allowing him to read from prepared notes during the evidentiary hearing, (2) by awarding unequal parenting time, (3) in determining the amount of spousal support to Mother, and (4) by awarding attorney fees and costs to Mother. Because the record reasonably supports the family court's decisions, we find no abuse of discretion and affirm.

## BACKGROUND

¶2 Mother and Father were married for 16 years and have four minor children. Three of the four children have disabilities requiring educational and medical accommodation. The oldest daughter has a chronic gastrointestinal illness and is a homebound student, one daughter is on the autism spectrum and has an individualized education program, and another daughter has cerebral palsy and also has an individualized education plan.

¶3 Mother filed a petition for dissolution in April 2017. After an evidentiary hearing at which Mother was represented by an attorney and Father proceeded *pro se*, the court issued a decree designating Mother as the primary residential parent, awarding Mother spousal support, and awarding Mother a portion of her attorney fees and costs. Father appeals.

## DISCUSSION

**I.** **The family court did not deny Father due process by preventing him from verbally reading prepared statements into the record.**

¶4 Father represented himself at the evidentiary hearing. In his opening brief, he alleges that he prepared notes, outlines, and statements to read during his testimony in support of his case. During the hearing, he apparently began to read from his notes until Mother's counsel interjected,

"I object. Can we object?" The court responded, "Yeah. You really can't just read a statement. So why don't we go through the different categories," and then began prompting Father about the contested issues. Father now argues the court's refusal to allow him to read from prepared statements denied him due process of law because he "could not testify in a meaningful manner as he felt most appropriate for the proceeding and just ended up answering questions of the [c]ourt in its view of what it might have thought was essential."

¶5        In family law cases, any party may file before a hearing a notice requiring strict compliance with the Arizona Rules of Evidence. Ariz. R. Fam. Law P. 1, 2(B)(1) (2017). If, as in this case, no such notice is filed, "relevant evidence is admissible, provided . . . that the court must exclude evidence if its probative value is outweighed by a danger of . . . unfair prejudice, confusing the issues, undue delay, wasting time, needlessly presenting cumulative evidence, lack of reliability or failure to adequately and timely disclose same." Ariz. R. Fam. Law P. 2(B)(2) (2017). "We review the trial court's evidentiary rulings for a clear abuse of discretion; we will not reverse unless unfair prejudice resulted, or the court incorrectly applied the law." *Larsen v. Decker*, 196 Ariz. 239, 241, ¶ 6 (App. 2000) (citations omitted).

¶6        Although the family court enjoys broad discretion to "impose reasonable time limits on all proceedings," Ariz. R. Fam. Law P. 22(a) (2017), the court must afford the parties an opportunity to be heard at a meaningful time and in a meaningful manner. *Volk v. Brame*, 235 Ariz. 462, 468, ¶ 20 (App. 2014). The family court should remain sufficiently flexible in allotting time and hearing testimony to preserve due process, but it is not required to indulge inefficient uses of time. *Id.* at 469, ¶ 22. "It is fundamental to due process that a court provide a forum for witness testimony, and that it refrain from resolving matters of credibility on documents alone." *Id.* at 464, ¶ 2 (noting that the court rejecting the parties' efforts to testify and choosing to rely on a "paper view" categorically violated due process). "[T]he family court is in the best position to judge the credibility of witnesses and resolve conflicting evidence, and appellate courts generally defer to the findings of the family court." *Vincent v. Nelson*, 238 Ariz. 150, 155, ¶ 18 (App. 2015); *see also Gutierrez v. Gutierrez*, 193 Ariz. 343, 347, ¶ 13 (App. 1998) (noting that we defer to the family court on determinations of witness credibility and the weight to give to conflicting evidence).

¶7        Here, the family court was tasked with hearing testimony from both Mother and Father—the only two witnesses in the case—and

resolving any conflicting facts by weighing all of the written and oral evidence to determine their relative credibility on the various contested issues. Not only that, the family court was also tasked with performing this function in a timely and efficient manner. When it was Father's turn to testify, he began with several statements that had no bearing on the contested issues at hand:

> "I'll go grab my papers. . . . I'll go through my list of issues I'd like to address with the Court. Hopefully I can properly synchronize my positions verbally to go with the flow of my pretrial statement. First, I agree the marriage is irretrievably broken and there's no hopes for reconciliation, however, both parties have four children from which this matter arises that the Court will make a determination as to what is best for these children. Finally, I would like to avow that my submitted pretrial statement be a portion of my direct testimony, as well as this presentation before the Court. . . ."

Neither marital reconciliation nor the fact that the parties had four children, for instance, were at issue, and the family court was already familiar with the background of the case through its review of the parties' written pretrial submissions. The family court therefore intervened and began prompting Father's testimony on the specific contested issues to keep it efficient and relevant, and to avoid wasting time, confusing the issues, and admitting cumulative evidence. Proceeding in a question-and-answer format, rather than simply observing Father reading from his prepared documents, was within the court's discretion as an aid in resolving the conflicting evidence and determining Father's credibility. Although Father argues this caused him stress, confused him, and diminished his ability to present his case, "a party who conducts a case without an attorney is entitled to no more consideration from the court than a party represented by counsel, and is held to the same standards expected of a lawyer." *Kelly v. NationsBanc Mortg. Corp.*, 199 Ariz. 284, 287, ¶ 16 (App. 2000).

¶8            Specifically, Father argues he was not permitted to fully present his oral testimony regarding his ability to sustain the children's school routines, his career as a registered nurse and his particular insights into how the children are all highly functional and have no special needs at home, Mother's spousal-support needs considering her physically active lifestyle and her ability to train for triathlons despite her own health problems, and his ability to procure a new residence after he was obliged to move out but to continue financially supporting the marital residence. Prior to the hearing, however, Father submitted a pretrial statement that

explained his positions on these precise topics. The family court verbally confirmed it had reviewed Father's pretrial statement prior to the hearing. Furthermore, Father did have the opportunity to orally address each contested issue during the hearing. He personally cross-examined Mother, during which he asked her about her bachelor's degree and prior work experience, her own health and whether she had ever run or trained for a marathon (to which she replied in the negative), and the amount of spousal support she was requesting. The court also specifically asked Father about why he was requesting equalized parenting time, how he could accommodate the children in the new four-bedroom residence he was renting, and his financial earnings and child-and spousal-support requests, among other things.

¶9 In short, although Father was not permitted to proceed in the manner he may have preferred, the record reveals that Father had a meaningful opportunity to be heard on all of the relevant issues. The family court did not abuse its discretion by directing Father's testimony.

## II. The family court did not abuse its discretion by awarding unequal parenting time.

¶10 In the decree of dissolution, the family court designated Mother as the primary residential parent of the children. Father was awarded alternating weekends and a rotating holiday and vacation schedule with three of the four children (excepting the oldest child, who has refused to exercise parenting time with Father). Father contends the family court erred by denying his request for almost equal parenting time, arguing that the court's findings were based on Mother's "anemic" testimony and were unsupported by corroborating or independent evidence.

¶11 "It is . . . the declared public policy of this state and the general purpose of this title that absent evidence to the contrary, it is in a child's best interest . . . to have substantial, frequent, meaningful and continuing parenting time with both parents." A.R.S. § 25-103(B)(1). "In a contested . . . parenting time case, the court shall make specific findings on the record about all relevant factors and the reasons for which the decision is in the best interests of the child." A.R.S. § 25-403(B). "On appeal, we will not disturb the family court's custody or parenting time orders absent an abuse of discretion." *Nold v. Nold*, 232 Ariz. 270, 273, ¶ 11 (App. 2013). To hold that an abuse of discretion has occurred, "the record must be devoid of competent evidence to support the decision of the [family] court." *Borg v. Borg*, 3 Ariz. App. 274, 277 (1966).

¶12            The family court detailed its findings regarding each factor listed under A.R.S. § 25-403(A), including the following: three of the four children have various health issues and educational needs; Mother had been the primary caretaker of the children, ensuring their particular needs were met; Mother had instituted a regimented plan for the children to help them given their medical needs, and the children would have issues adjusting to the new schedule if Father was given equal parenting time; the oldest child did not wish to spend time with Father; and Mother had offered Father additional parenting time that he had declined. Although Father argues the family court should have relied on his version of the related events and circumstances, Mother presented reasonable evidence supporting each of the family court's findings and we therefore affirm.

### III.    The superior court did not abuse its discretion in calculating an award of spousal support to Mother.

¶13            The family court awarded Mother spousal maintenance, ordering Father to pay $2,250 per month for 10 years. Father does not argue that the court made any particular mathematical error, that the court relied on inaccurate figures, or that Mother was ineligible for an award of spousal maintenance. Rather, Father asserts again that, had he been able to read from his own notes to best communicate his positions, he would have been able to clarify certain aspects of the evidence—presumably to persuade the court to reduce Mother's award. We review the family court's award of spousal maintenance for an abuse of discretion and, viewing the evidence in the light most favorable to the awardee, will affirm if any reasonable evidence supports it. *Gutierrez*, 193 Ariz. at 348, ¶ 14.

¶14            "If the court determines [a] spouse is eligible for an award [of spousal maintenance], it then considers the relevant circumstances of both parties to determine whether to actually grant an award and, if so, the amount and duration." *In re Marriage of Cotter & Podhorez*, 245 Ariz. 82, 85, ¶ 7 (App. 2018); *see* A.R.S. § 25-319(A), (B). Pursuant to A.R.S. § 25-319(B), the family court made detailed findings regarding each relevant computation factor: the parties were married for 16 years; Mother had health issues in the recent past but her condition had lately improved; Mother had recently obtained part-time work but her own health needs and the children's needs prevented her from securing full-time employment; Father had consistently earned more than Mother and been the main monetary provider for the family; Mother at times contributed to Father's earning abilities; and Mother had reduced career opportunities to take care of the family. Because Mother and Father both presented reasonable

evidence supporting the court's findings, we will not reweigh the evidence in Father's favor and we affirm the award of spousal maintenance.

## IV.    The family court did not abuse its discretion by awarding Mother her attorney fees and costs.

**¶15**    The family court's grant of attorney fees and costs in dissolution actions is governed by A.R.S. § 25-324, and we review the court's award for an abuse of discretion. *Magee v. Magee*, 206 Ariz. 589, 590, ¶ 6 (App. 2004). Here, pursuant to the statute, the family court found the following:

> [T]here is a substantial disparity of financial resources between the parties. Father has more resources available to contribute toward his own attorneys' fees and costs than Mother. . . . Father acted somewhat unreasonably in the litigation, given his positions. Father was clearly motivated by money, instead of the best interests of the Children.

Father does not dispute the disparity in financial resources but contends he did not act unreasonably or in bad faith. Because reasonable evidence supports the court's findings, the court did not abuse its discretion in awarding fees and costs to Mother.

**¶16**    Additionally, Father argues the court erred by awarding Mother the entirety of her requested fees and costs, rather than only "a portion" thereof as stated in the dissolution decree. Although the nunc pro tunc order awarded Mother the entirety of her requested fees and costs of $3,280.54, the family court later corrected the error in a subsequent minute entry from April 2018 ordering that Father only pay $2,500. We therefore affirm the award of attorney fees and costs to Mother.

## CONCLUSION

**¶17**    For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:  AA