415 P.2d 571

**John A. REARDON, Appellant and Cross-Appellee,**

v.

**Marion M. REARDON, Appellee and Cross-Appellant.**

**No. I CA–CIV 243.**

Court of Appeals of Arizona.

June 20, 1966.

Rehearing Denied July 18, 1966.

Review Denied Sept. 27, 1966.

Powers & Rehnquist, by Ronald H. Petica, Phoenix, for appellant and cross-appellee.

Divelbiss & Gage, by Carl W. Divelbiss, Phoenix, L. Dennis Marlowe, Tempe, for appellee and cross-appellant.

CAMERON, Judge.

This is an appeal from a judgment of the court below upon a petition by the defendant-husband to modify a previous divorce decree. From said judgment the husband appeals, and the wife cross appeals.

We are called upon to determine whether the trial court may require as a condition precedent to the exercise of rights of visita-

tion by the husband that the husband maintain and keep current support payments for and on behalf of the children, as well as alimony and funds in arrears, and we are further called upon to determine whether the record supports the finding of the court below changing or amending previous orders of the court determining rights of visitation, support payments, and alimony.

The wife filed an action for divorce in March of 1961. A default judgment was entered against the husband in April of 1961, granting the wife an absolute divorce, $20.00 per month alimony, custody of the two minor children (girls then ages 4 and 6) and $100.00 per month support for each, as well as distribution of the community property. The decree was silent as to the right of the father to visit the children.

In August of 1962, the husband petitioned the Superior Court for a modification of the decree, and after hearing, the prior decree was (on 18 September, 1962) modified to provide for visitation on the 1st and 3rd Sundays of each month, between the hours of 2 and 5. The court also reduced the child support payments to $30.00 per week until 30 September, 1963, at which time the schedule of payments set forth in the decree of divorce was restored. The arrearages then due of $2,000.00 including both alimony and child support were to be paid at the rate of $100.00 per month commencing 1 October, 1963. The alimony remained the same.

The husband has, since the divorce, been residing in Arizona and California, and at the time of this hearing was living in Chicago, Illinois, working primarily as a seaman in the Great Lakes shipping industry. He was 53 years of age at the time of the hearing.

Hearing was held 25 January, 1965, on the husband's petition, and after hearing testimony of both parties, and considering the request of the husband that he be allowed the custody of the two minor girls in Chicago for two weeks in the summer, the court entered its judgment finding that there was sufficient evidence of change to modify the order of 18 September, 1962, and further finding that the defendant, as of 31 December, 1964, was in arrears in the sum of $4,300.00 (including alimony and support). The judgment modified the previous decree by providing that the husband should have temporary custody of the children on Sundays between 1 p. m. and 6 p. m., reducing the alimony to $1.00 per year, and reducing the total child support payments to the amount of $150.00 per month. The court further ordered that the defendant could purge himself of the contempt occasioned by his arrearages by paying the additional sum of $50.00 per month. The trial court below did not find that the husband was in wilful contempt of the previous support order, and there is evidence to indicate the husband has suffered reduced earnings at times since the divorce decree.

The husband first contends that the court erred in failing to grant him temporary custody of the children for two weeks in July and visitation privileges during the Christmas season of each year. The husband points out that he works in the Great Lakes area and not in Phoenix, Arizona, and that the granting of visitation privileges for one day a week is almost a denial of his rights of visitation. We agree, considering the distance from Phoenix to where the husband now resides, that the granting of visitation privileges for one day a week is virtually meaningless as far as the defendant is concerned. It should be noted, however, that the summer months are the months in which the defendant is working on the ships on the Great Lakes. The testimony at the hearing indicated that he would either have to leave his employment for this period which is, of course, his privilege, or that the children would have to be kept by the sister of the husband. While we do not express any objection to the minor children staying with relatives of the husband and we can state that the two minor children should have an opportunity to know their father and his relatives as

well, still, in the instant case, we feel that the trial court below did not abuse its discretion in failing to order that the two minor children be sent out of the jurisdiction of the court for two weeks each year to visit a father, who, the record indicates, has not exercised his rights of visitation but upon rare occasions in the past. The refusal of the court to order that these two young children still of tender age should be sent many miles to spend two weeks with a father and relatives who are strangers to them was, we feel, in the best interest of their welfare:

> "The primary consideration in custody cases is the welfare of the children. The trial judge is in the best position to determine what is best for the children and unless it clearly appears that he has mistaken or ignored the evidence, this court will not disturb his decision." Galbraith v. Galbraith, 88 Ariz. 358, at 362, 356 P.2d 1023, at 1026 (1960).

The trial court could also take into consideration the added expense the husband would incur in bringing the children back to Chicago and returning them to Arizona as well as the loss of wages the husband would suffer by leaving his employment during the time the two children would be visiting. Considering the husband's past payment support record, it would not be unreasonable for the trial court to discourage additional expenses on the part of the husband.

The husband next contends that the trial court erred in imposing a compliance with alimony support and delinquent payments as a condition precedent to the exercise of visitation privileges. The order of the court reads as follows:

> "As heretofore set forth, the failure by the defendant to pay the *alimony, child support* and his *amount on arrearages* shall be grounds for the plaintiff to deny visitation until the defendant shall be in compliance with this order."

It would appear that this is a matter of first impression in the State of Arizona.

It would also appear that there is a division of authority in the United States as to whether the courts have the authority to enter this type of order. The appellant contends that the duty of support is not a quid-pro-quo for the visitation privileges. The former is based on the child's physical needs, the custodial parent's condition, and the non-custodial parent's ability to pay. The latter is based on the natural rights of the parent, his interest in the child and of greatest importance, the child's psychological development. There is respectable authority for the husband's position:

> " * * * However, we are reluctant to put a price upon the right of a father to visit his child, * * * and we think that if the duty of support is to be imposed, it should be done by direction rather than by indirection, by an order unconditional rather than conditional." Bartlett v. Bartlett, 175 Or. 215, 152 P.2d 402, at 414 (1944).

And:

> "It is only under *extraordinary circumstances* that a parent should be denied the right of visitations * * * Default in the payment of support money is not in itself sufficient reason to deprive the father of the right to see and visit his child." Wilson v. Wilson, 73 Idaho 326, 252 P.2d 197, at 198 (1953). (Emphasis supplied.)

 Generally, in determining or limiting the visitation rights of one parent where the other parent is given custody of the minor child in a divorce decree, the matter is one which is addressed primarily to the sound discretion of the trial court. In the absence of abuse of the broad discretion which the trial court has in these matters, an appellate court will not disturb such determination. We believe that the better view is to allow the trial court in its discretion to put a limitation on visitation rights. Admittedly, it is a power that the trial court should exercise with a great deal of caution and restraint, and in the light of the effectiveness or ineffectiveness

of the court's traditional power of contempt to enforce orders of the court both past and present:

"No relationship in life should be regarded as more sublime, nor should any inherent right of an individual be esteemed more highly, than that which arises out of the natural relationship of love and affection which normally exists between parent and child." Frazier v. Frazier, 109 Fla. 164, 147 So. 464, at 466 (1933).

Support payments, however, are provided for the benefit of the minor children and when considering the history of the matter, the age of the children, the past conduct of the non-custodial parent in exercising rights of visitation, and the possible ineffectiveness of the court contempt power, the trial court could properly find that the children will benefit by conditioning visitation privileges upon payment of support. Upon appeal, we will not disturb the trial court's finding:

"We are not persuaded there was error in requiring the father to keep up his payments of $25 per month, as a condition to his seeing them and having temporary custody once a week. This is not to be construed as a bartering of justice, but rather a holding that to this extent the father must perform the duty to support his children, if he expects the pleasure of their companionship. The court holds out an inducement to perform a father's duty. Since the court retains full control over this matter, so as to suit orders to conditions that may arise, the decree will not be disturbed." Johnston v. Johnston, 229 Ala. 592, 158 So. 528, at 530 (1935).

And:

"The original judgment provided that plaintiff have the right to visit the children at reasonable times. We feel that the parties should cooperate to give effect to this provision as long as plaintiff is not in default in making the payments as above required." Lammi v. Lammi, 244 Minn. 568, 70 N.W.2d 456, at 463 (1955).

The denial of right of visitation conditioned upon payment of support monies is based on the premise that the primary beneficiaries of support payments are the children and that the court may balance the equities by requiring the husband to make the payments for the benefit of the children before visitation is allowed, against allowing the father to visit the children regardless of whether the father cares enough to provide adequate support for his children or not. In the latter case, it is highly questionable whether the courts are protecting the children in their right to know and respect their father as some may insist, or whether we are not overindulging the recalcitrant and irresponsible father in preserving his "right" of visitation while refusing to use one of the better means available to the court to encourage him to discharge his obligation of support for his children.

█ However, because this limitation of visitation is based upon the benefit the children receive from the support payments the trial court may only restrict visitation rights on the condition that the party make support payments. Alimony payments being for the primary benefit of the wife may not be made a condition of visitation privileges. For that reason, the matter will have to be remanded for a determination of the portion of the amount of arrearages that are attributable to support payments and the limitation on visitation based on that amount only.

Nothing we say herein should be construed by parties litigant that they may assume the burden upon themselves of denying rights of visitation conditioned on payment of support monies without a court order. This is a power that the court only may have and it is basic that the parties themselves do not have the authority to so modify the orders of the court.

The plaintiff-wife next contends in her cross appeal that the evidence before the trial court below did not support the finding that there has been a sufficient change

of circumstances with which to authorize modification of the support payments.

■ With this we must disagree. A reading of the transcript indicates that there is sufficient evidence to support the finding of the trial court that there has been a reasonable change of circumstances to justify modification of the previous decree of alimony and support. As was stated by the Arizona Supreme Court:

> "To determine that there has been an abuse of discretion, as appellant claims, the record must be devoid of competent evidence to support the decision of the trial court. Further, in testing the sufficiency of the evidence it must be taken in the strongest manner in favor of the appellee and in support of the court's findings, and a judgment will not be disturbed when there is any reasonable evidence to support it." Fought v. Fought, 94 Ariz. 187, 382 P.2d 667 (1963).

There being sufficient evidence to support the finding of the trial court, we will not now disturb the trial court's finding on appeal.

■ Finally, the wife-appellee, cross-appellant, has moved this Court to fix and allow attorney's fees for the wife on appeal. We have previously stated:

> "The wife contends that she believes the appeal to be without merit and that she did not believe that an appeal would be taken even after the denial of a motion for new trial and for these reasons she did not apply to the trial court for an allowance of attorneys' fees in connection with the appeal. * * * Our Supreme Court has stated that following the perfecting of an appeal, the trial court loses jurisdiction of matters connected with the case, except in furtherance of the appeal. (citations omitted) As the matter of attorneys' fees on appeal is one which is in aid of an appeal, appellee's request was within the jurisdiction of the Superior Court. It is our opinion that she should have presented her application for attorneys' fees to the trial court even though the notice of appeal had been filed." Atkinson v. Atkinson, 2 Ariz.App. 1, 405 P.2d 919, at 922, 923 (1965).

The appellee, cross-appellant, may apply to the court below for an allowance of attorney's fees and the trial court being in a position to hear testimony is in a better position to determine this matter than this Court.

Judgment is affirmed in part and reversed and remanded in part for further action not inconsistent with this opinion.

STEVENS, C. J., and DONOFRIO, J., concur.