4 Ariz. App. 588 (1967)
422 P.2d 419
In the Matter of ANONYMOUS Minor Children.
Wert C. FENTER and Floss Fenter, husband and wife, Appellants,
v.
Miles R. GRUENSFELDER and Helen W. Gruensfelder, husband and wife, Appellees.
No. 2 CA-CIV 215.
Court of Appeals of Arizona.
January 12, 1967.
Lesher, Scruggs, Rucker, Kimble & Lindamood, by Robert O. Lesher, Tucson, for appellants.
Raymond T. Terlizzi, Tucson, for appellees.
HATHAWAY, Chief Judge.
In this appeal, review of an interlocutory decree of adoption is sought by the paternal grandparents of the adopted children. The subject decree granted the request of the children's aunt and uncle to adopt them.
The facts germane to this appeal are as follows. The minor children, aged five years and three years respectively, were orphaned when their parents were killed *589 in a plane accident on November 7, 1963. Their granduncle and his wife took the children into their custody and filed a petition for appointment of guardian. Shortly thereafter, guardianship petitions were filed by (1) the adoptive parents, aunt and uncle of the children, and (2) the paternal grandparents.
Subsequent to the filing of these guardianship petitions, the adoptive parents and the grandparents, respectively, filed petitions to adopt the children. The petitions for guardianship and petitions for adoption were consolidated for trial at the conclusion of which the aunt and uncle's petition for adoption was granted. At the time of trial, the children had been in their custody for more than one year.
Although the deceased parents had severally specified in writing their wishes concerning guardianship of the children in the event of his or her death, it was stipulated by counsel that the court disregard the decedents' expressions concerning future guardianship of the children.
The trial court entered findings of fact and conclusions of law. It found that the grandparents were in their seventies, the grandfather was in poor physical health and the grandmother was in poor mental health. The findings as to the adoptive parents were that they were in their forties, of good moral character, in excellent health, Catholic, and had three children, aged four, six and eight. The grandparents were of Protestant faith and the adoptees were baptized in the Catholic faith.
The trial court concluded that the best interests of the children would be promoted by adoption; that it was in the best interests of the children that an interlocutory order of adoption be entered in favor of the aunt and uncle based upon consanguinity, age, moral character, intelligence, temperament, ability to continue the religious training of the children, and emotional compatibility with the children.
The grandparents present the following questions for review:
1. Did the court abuse its discretion in granting an interlocutory order of adoption to the adoptive parents rather than granting a petition for appointment of guardian?
2. Is the subject decree of adoption rendered invalid by the fact that the court failed to make findings of fact relative to why the adoption was ordered without consent of a guardian or an authorized child welfare agency?
ABUSE OF DISCRETION
Appellants claim that the trial court had several courses open to it and abused its discretion in entering the decree of adoption for, by so doing, the relationship of the children to their grandparents was severed.
The trial court had the choice between guardianship and adoption; it chose the latter. The controlling consideration, of course, as the parties concede, is the welfare of the children. Bailey v. Bailey, 3 Ariz. App. 138, 412 P.2d 480 (1966); Borg v. Borg, 3 Ariz. App. 274, 413 P.2d 784 (1966); In re Adoption of Luke, 3 Ariz. App. 327, 414 P.2d 176 (1966).
A cardinal principle of appellate review, to which this court adheres, is that we will not disturb the trial court's determination unless a clear abuse of discretion appears. Borg v. Borg, supra; Andro v. Andro, 97 Ariz. 302, 400 P.2d 105, rehearing den. 98 Ariz. 1, 401 P.2d 404 (1965); Reardon v. Reardon, 3 Ariz. App. 475, 415 P.2d 571 (1966). We can appreciate that the severance of these children from the grandparents who had lost their only child, the children's deceased father, would augment the grandparents' anguish. It was more important, however, to assuage the blow of catastrophe dealt these children of tender years. The wisdom of placing them in a suitable "family" environment to offset their loss cannot be questioned. Apparently the trial court concluded that adoption would best promote their welfare and we cannot say that it erred in this. The adoptive parents (1) had children close in age to *590 the orphaned youngsters, (2) were of suitable age, maturity, and temperament and (3) had the same religious background as the children.
As appellants' counsel indicated in his pretrial memorandum, the sole determinative question was: "What is in the best interests of the minor children?" The evidence amply supports the trial court's findings. His conclusion that the children's interest would best be served by allowing their adoption was not an abuse of discretion.
FINDINGS OF FACT
The adoption decree is assailed on the ground that the court made no finding relative to the necessity for granting the adoption without consent.
Before an order for adoption of a minor may be entered, A.R.S. § 8-103, as amended, mandates:
"* * * the provisions of this section which are applicable to the proceeding shall be observed:
"1. Consent to the adoption shall be obtained from the individuals or agencies found capable of giving consent under the following circumstances:
"(a) The parents or surviving parent of the child * * *
* * * * * *
"(c) A guardian of the child appointed in a separate proceeding, with authority to consent to adoption, if neither parent is living * * *" (Emphasis supplied)
A.R.S. § 8-104 provides:
"An order of adoption may be entered without the consent of the parent or legally appointed guardian when, after hearing, the court determines that the interests of the child will be promoted thereby. In such cases, the court shall make written findings of all facts upon which its order is founded." (Emphasis supplied)
It is apparent that the court is invested with power to decree the adoption of a child without anyone's consent where, upon a hearing, it appears that the child's welfare will thereby be promoted. Anderson v. Pima County Dept. of Public Welfare, 77 Ariz. 339, 344, 271 P.2d 834 (1954). It is equally apparent from a reading of A.R.S. § 8-103 that the consent requirement therein provided comes into play only when applicable.
In the instant case, there was neither a surviving parent nor a legally appointed guardian capable of giving consent. The legislature could not have intended A.R.S. § 8-104 to apply where there is no parent or legally appointed guardian. Its manifest intent was to eliminate the necessity of consent (as required by A.R.S. § 8-103) by one legally entitled to the custody of the child. The only conditions imposed upon the court in a situation where consent would normally be required is that (1) a hearing be held, and (2) written findings be made of the facts upon which the adoption order is based
Appellants argue that these mandatory requirements were not complied with in that "written findings of all facts" were not made, in particular, no finding as to why adoption was ordered without consent. The mandate of the statute requires the trial judge to make written findings as to what will be for the best interests of the child. In re Holman's Adoption, 80 Ariz. 201, 208, 295 P.2d 372 (1956). Implicit in such findings is a finding that no consent had been given.
For the reasons herein stated, the interlocutory order of adoption is affirmed.
JOHN P. COLLINS and ROBERT E. McGHEE, Superior Court Judges, concur.
NOTE: Judges HERBERT F. KRUCKER and JOHN F. MOLLOY having requested that they be relieved from consideration of this matter, Judges JOHN P. COLLINS and ROBERT E. McGHEE were called to sit in their stead and participate in the determination of this decision.