432 P.2d 158

**Petition for Writ of Habeas Corpus of
the KELLEY MINORS.
Theodore Kelley, Appellant.
No. I CA–HC 4.**

Court of Appeals of Arizona.

Oct. 4, 1967.

Rehearing Denied Nov. 3, 1967.

Review Denied Nov. 28, 1967.

Ross Anderson, Phoenix, for appellant.

Richmond, Ajamie & Fay, by Richard
E. Fay, Phoenix, for appellee.

CAMERON, Chief Judge.

This is an appeal from an order of the
Superior Court of Maricopa County deny-
ing the relief sought by appellant (peti-
tioner below) in a hearing upon the return

of a writ of habeas corpus. Appellant was the natural father in proceedings which granted a final order of adoption to the second husband of the mother of the children. Appellant brought a writ of habeas corpus in an attempt to test the jurisdiction of the Juvenile Court to grant the order of adoption.

We are called upon to determine:

1. The effect of failure of the sheriff's return to show service of notice of hearing of the petition for adoption upon the natural father.

2. Whether the trial court followed the proper procedure in dispensing with petitioner's consent in the interlocutory decree of adoption.

3. Whether an adoption proceeding is void because of failure to give notice to the Arizona State Department of Public Welfare in the manner prescribed by § 8–105 A.R.S.

The facts necessary for a determination of this matter on appeal are as follows. A petition for leave to adopt minor children was filed in the Superior Court of Maricopa County on 20 February 1964. The petition recited that the appellant herein, Theodore Kelley, was a resident of the Arizona State Prison at Florence, Arizona. The order fixing time and place for hearing and directing notice of an investigation, ordered that a copy of said petition be served upon the said Theodore Kelley. The return of service of the sheriff shows that the petition for adoption was served upon the appellant Theodore Kelley, but the return is silent as to service of the notice of the date of hearing.

On 1 April 1964 Theodore Kelley wrote the Legal Aid Society of Phoenix, Arizona, a letter which reads in part as follows:

"To Whom it May Concern:

"On June 2, 1964 my wife and another man are going to Juvenile Court and try to take my seven children away from me and change their name to his. I emizen (sic) that Dorothy Kelley used your society to get her divorce. I was denied (sic) the right to go to contest the divorce, therefore the divorce is not legal and therefore her marriage is not legal. I have tried to get the state to get me a lawyer so I can go to court. But they refuse me. I have tried to get a lawyer but I have not enough money or the means to get it. It "is very important that I get this so that the whole truth can be brought out. 'Thank You'.

Yours truly
/s/ Theodore Kelley

24011 "

This letter was brought to the attention of the Judge of the Juvenile Court who advised appellant that there was no provision in the law for appointment of counsel in civil matters. On 2 June 1964 the hearing was held and an interlocutory order of adoption was entered. The interlocutory order of adoption contained the following:

" * * * that the natural father of said children is THEODORE KELLEY, who, to the best of Petitioners' knowledge, resides in the Arizona State Prison at Florence, Arizona; that the said father has failed to provide any child support for said minor children; that he has failed to provide proper care and maintenance for said children for an alleged one year next preceding the filing of this Petition; that said THEODORE KELLEY committed certain unnatural and malicious acts towards said children; that the full extent of the said acts are known to said THEODORE KELLEY, and a bill of particulars fully setting forth said acts will be submitted to said THEODORE KELLEY upon demand; that as provided in the Arizona Statutes, Code Section Title A [8], Chapter I, Article 8–104, the interests of the children will be best promoted by the above adoption; * * * "

Appellant's conduct towards his minor children in Maricopa County was the basis for his felony conviction and sentence to the Arizona State Prison. While at the Arizona State Prison appellant had been

served with divorce papers, and his wife was awarded a divorce and custody of the children by default. Appellant's former wife then married the person who, on 20 February 1964, filed the petition for adoption. The interlocutory order of adoption was filed 2 June 1964.

The final order of adoption was signed 15 June 1965. On 11 July 1966 appellant filed a petition for writ of habeas corpus alleging that the final decree of adoption was void for lack of service upon the natural father, lack of consent of the natural father, and that the State Department of Public Welfare was not formally notified as required by statute.

## QUESTION OF SERVICE OF NOTICE OF HEARING

 The first question raised by the appellant was whether or not the notice of hearing of the petition was served upon the petitioner. Our statute reads:

"Upon filing a petition for adoption, the court shall fix a day for the hearing, which shall be not less than ninety days from date of filing. If the person required to give consent to the adoption does not consent, a copy of the petition and order fixing the day for the hearing shall be served upon him as a summons in a civil action, if found within the state. * * *" § 8–105 A.R.S.

Rules of Civil Procedure, Rule 4(g), 16 A.R.S. reads:

"When the process is served by a sheriff or his deputy, the return shall be officially endorsed on or attached thereto and returned to the court promptly. * * * Failure to make proof of service does not affect the validity thereof."

It is evident from the statute that the natural father must be given notice in some form. It is also clear from Rule 4(g) that it is the *fact* of service of the petition and notice of hearing upon the natural father which gives the court jurisdiction, and not the statement contained in the return of service itself. Safeway Stores, Inc. v. Ramirez, 99 Ariz. 372, 409 P.2d 292

(1965). Concerning the degree of proof necessary this Court has stated:

"[T]he rule in Arizona is that the return of service of process is impeached only by clear and convincing evidence. * * *

"Clear and convincing is a higher degree of proof than is generally applied in civil cases." Occidental Life Insurance Co. of California v. Marsh, 5 Ariz.App. 74, 423 P.2d 150, 151, 152 (1967).

In the instant case it is noted that the petition of the appellant in the court below merely alleged that the sheriff did not indicate on the return the fact of service of the notice of hearing upon the petitioner. Nowhere do we find a recitation or allegation by the appellant that he did not in fact receive the notice of hearing which would put the matter at issue. It being clear that he was served with a petition in the matter, and it also being apparent from the letter in the record that the petitioner had actual notice of the hearing date the record below is sufficient from which the court could find that the natural father was served with notice of the hearing as well as the petition for adoption as required by the statute.

## WAS THE CONSENT OF THE PETITIONER PROPERLY DISPENSED WITH?

The second question raised by the appellant concerns the dispensing with the petitioner's consent to the adoption. Our statutes state:

"A. Before the court may enter an order for the adoption of a minor, the provisions of this section which are applicable to the proceeding shall be observed:

"1. Consent to the adoption shall be obtained from the individuals or agencies found capable of giving consent under the following circumstances:

(a) The parents or surviving parent of the child, but if one of the parents has been legally declared insane or incompetent, consent need not be obtained from such person." § 8–103 subsec. A A.R.S.

And:

> "An order of adoption may be entered without the consent of the parent or legally appointed guardian when, after hearing, the court determines that the interests of the child will be promoted thereby. In such cases, the court shall make written findings of all facts upon which its order is founded." § 8–104 A.R.S.

Our Supreme Court has stated:

> "* * * a void order of adoption has no validity or sanctity and may be attacked in a collateral proceeding. 1 Am.Jur., Adoption of Children, sec. 75. This court has repeatedly stated that three elements must occur or a judgment or order is void upon its face and hence subject to attack at any time. These elements are (1) jurisdiction of the subject matter of the case, (2) of the persons involved in the litigation, and (3) to render the particular judgment or order entered. (citations omitted) Abstractly speaking the Superior Court of Pima County, of course, has jurisdiction of adoption matters and the right to enter both interlocutory and final orders of adoption. However before the power of a particular superior court to order an adoption in a given case can become operative all the facts enumerated in the statute as being essential to the court's jurisdiction must be made to appear. (citations omitted) The matter of the jurisdiction of the superior court of Pima County to enter the interlocutory order of adoption must be determined from the judgment roll or documents of record in the adoption matter and not by extraneous matters. dehors that record." Hughes v. Industrial Commission, 69 Ariz. 193, 197, 211 P.2d 463, 465 (1949).

From the record before this Court there is no question that the children were domiciled in Maricopa County, and that the mother had given written consent. We have previously determined herein that the natural parent, the appellant herein, had legal notice of the adoption proceedings. The Juvenile Court then had jurisdiction of the subject matter of the case and the persons involved. We must then ask whether the finding by the court of the appellant's prior conduct was sufficient to satisfy § 8–104 A.R.S., and give the court jurisdiction to proceed without appellant's consent.

■ Our courts have stated that the matter of adoption rests strongly in the trial court's sound discretion. In re Clark's Adoption, 38 Ariz. 481, 1 P.2d 112 (1931), and has stated:

> "The welfare of the child is the primary consideration in the determination of an application for adoption. On this point there is unanimous agreement. And it has been stated broadly that in a proceeding for adoption the court may ignore the natural rights of the parent if, in doing so, the child's welfare is promoted." In re Holman's Adoption, 80 Ariz. 201, 205, 295 P.2d 372, 375 (1956).

And:

> "It is apparent that the court is invested with power to decree the adoption of a child without anyone's consent where, upon a hearing, it appears that the child's welfare will thereby be promoted." In the Matter of Anonymous, 4 Ariz.App. 588, 422 P.2d 419, 421 (1967).

In the instant case the record shows that a hearing was held, and the findings by the court are more than ample to justify dispensing with the consent of the petitioner to this adoption. We believe a reading of the interlocutory order in the instant case shows not only a finding of more than ample grounds for dispensing with appellant's consent, but is in itself a sufficient order dispensing with consent of the natural parent to the adoption. It may be preferable in complying with the provisions of the statute § 8–104 A.R.S. to set forth in a separate document both the finding of fact and the order dispensing with consent as the petitioner herein contends is required. We feel, however, in the instant case that the requirements of this statute have been

adequately complied with, and that the petitioner's right to object or to consent to the adoption has been legally dispensed with.

## FAILURE TO NOTIFY THE ARIZONA STATE DEPARTMENT OF PUBLIC WELFARE

■ The third question raised by petitioner was the failure of the court to notify the Arizona State Department of Public Welfare as to the pending adoption. Our statute reads:

"* * * In all cases a copy of the petition and order fixing the day for hearing shall be served by registered mail addressed to the state department of public welfare, or to such other agency to which its duties may be transferred." § 8–105 A.R.S.

"Upon filing a petition for adoption and fixing the day for hearing, the court shall direct a probation officer or other officer of the court, or an agent of the state, county or city board of public welfare, or a duly licensed private child placement agency, or some other discreet and competent person, to make a careful and thorough investigation and report its findings to the court." § 8–106 A.R.S.

In the instant case the court directed that the Adoption Examiner of the Juvenile Court was to make an examination of the adoption and "report her findings in writing to the court". The court has the authority to appoint an investigator under our statute § 8–106 A.R.S. and did so in this case. The failure to notify the State Department of Public Welfare would at most subject the order of adoption to question by the State Department of Public Welfare. We do not believe that petitioner has a standing to raise this issue particularly at this late date.

Judgment affirmed.

STEVENS, J., and THOMAS TANG, Judge of the Superior Court, concur.

NOTE: Judge FRANCIS J. DONOFRIO having requested that he be relieved from consideration of this matter Judge THOMAS TANG was called to sit in his stead and participate in the determination of this decision.