No. 54,028

Donald Otis Burnworth, *Appellant*, v. Bernice Lucille Hughes, *Appellee*.

(670 P.2d 917)

Opinion filed October 21, 1983.

*H. Reed Walker*, of Barnett & Lerner, Chartered, of Kansas City, argued the cause and was on the briefs for the appellant.

*LaVone A. Daily*, of Scott & Daily, Chartered, of Kansas City, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: This is an action brought by a father against his divorced wife seeking custody of their three minor daughters or, in the alternative, for visitation rights. The trial court ordered the plaintiff to pay support at the rate of $600 per month and continued the custody hearing pending plaintiff's compliance with the child support order. Plaintiff did not comply with the child support order and the defendant wife proceeded to run a series of garnishments, obtaining a continuing order of garnish-

ment against the plaintiff's employer, United Airlines. Plaintiff appealed challenging the validity of the child support order and of the garnishment orders to enforce the same. The Court of Appeals reversed in an unpublished opinion filed April 7, 1983. This court granted defendant wife's petition for review.

This case is the result of a bitter marital dispute between the plaintiff and the defendant. The parties are the natural parents of three teen-age daughters. Plaintiff and defendant were divorced in the State of California in January of 1971. Defendant was awarded custody of the three children. Conflict arose in regard to plaintiff's visitation rights and payment of child support. The factual circumstances in the case are not clear because the trial court did not make findings of fact, and because the factual issues have not been determined in a full evidentiary hearing. This present litigation started when plaintiff filed a petition in Wyandotte County on March 30, 1979, in which he alleged that plaintiff is a resident of the State of Colorado and that defendant and the minor children are all residents of Wyandotte County.

In his petition, plaintiff also alleged that the State of Kansas is the home state of the children and has been their home for six months prior to the commencement of the proceeding. He alleged that it is in the best interests of the children for a court of the State of Kansas to assume jurisdiction over this matter, since one of the children's parents has a significant connection with this state and "there is available in this state substantial evidence concerning the children's present or future care, protection, training and personal relationships." Plaintiff further alleged that for these reasons the district court has jurisdiction over the matters set forth in the petition. Among other things, the plaintiff alleged that by order of a district court of Colorado he is required to pay the sum of $375 per month commencing February 25, 1979, as child support, and that he is current in his payments. He alleged that, although he is paying child support, he is being denied visitation with and custody of his minor children. Plaintiff prays that he be granted custody of the minor children or, in the alternative, that he be granted reasonable visitation rights, and for such other and further relief as to the court may seem just and equitable in the premises.

Defendant Hughes filed an answer admitting that Kansas was the home state of the children and denying that plaintiff was

entitled to a change of custody or visitation rights. She alleged that, following the 1971 California divorce, plaintiff kidnapped the children four times and, as a result, the California court terminated plaintiff's right to visitation. She specifically denied that plaintiff had paid any child support ordered by the California court and alleged that the Colorado action had been dismissed. She alleged specifically that from September 2, 1972, to April 1, 1979, plaintiff had made no payments for child support in violation of the California court order, and that he was in arrears for child support in an amount in excess of $50,000. In her answer, the defendant prayed that plaintiff take naught by his petition for custody and that defendant be granted expenses, costs, attorney fees, and "such other and further relief as the court may deem just and equitable." It is important to note that defendant never filed a counterclaim specifically praying for an order for child support. Thereafter, the parties filed various motions and several hearings were held. At most of the hearings, neither of the parties appeared in person.

On June 8, 1979, the district court held a hearing on motions for custody and attorney fees. It ruled that it had jurisdiction to consider the custody and visitation rights raised in plaintiff's petition and also had jurisdiction to enter a child support order since the plaintiff had consented to the jurisdiction of the court. The trial court entered an order requiring plaintiff to pay $600 per month as child support and further ordered that, if plaintiff complied with the order of child support, it would then set the matter of visitation for an evidentiary hearing. Thereafter, plaintiff filed a motion to reconsider the motion for support which was denied.

The trial court then ordered the court services department to investigate the possibility of visitation by the plaintiff. The parties were ordered to attend a visitation workshop. In June of 1980, an order of supervisory visitation was entered to allow the plaintiff the second Saturday of each month to visit with the children from 9:00 a.m. to 4:00 p.m. At this time the court also entered a judgment for past due child support in the amount of the arrears on the Kansas order which was not specifically set forth in the order.

Thereafter, plaintiff failed to pay child support. In due course, defendant obtained a garnishment order attaching plaintiff's

earnings from his employment with United Airlines, Inc. Plaintiff filed a motion to restrain the garnishment for lack of jurisdiction, sought a contempt citation for defendant's executing on the support order without court permission, and requested a hearing on support, visitation, and custody. The district court denied plaintiff's motion to restrain the garnishment and for a contempt citation, but sustained plaintiff's request for a hearing on support and custody. The plaintiff then filed a notice of appeal to the appellate courts on various orders entered in the case.

On January 22, 1982, the district court granted defendant's motion for a continuing order of garnishment, finding that plaintiff was more than one year in arrears on child support. The court ordered United Airlines, Inc., to pay the sum of 55% of plaintiff's disposable earnings of approximately $2,803 into court on the first and fifteenth of each month until the further order of the court. Thereafter, on November 5, 1982, plaintiff filed a motion to vacate or modify the continuing order of garnishment alleging that he had overpaid the child support due under the Kansas child support order and that future payments should be limited to only $300 semimonthly. In her response to this motion, defendant alleged that child support payments were past due on the California judgment and that the garnishment order of $1,541.69 on the first and fifteenth of each month should be continued. The trial court denied plaintiff's motion to vacate or modify the continuing garnishment order. Plaintiff then filed an additional notice of appeal on December 3, 1982.

The case was argued and submitted to the Court of Appeals which reversed the trial court in an unpublished opinion filed April 7, 1983. The Court of Appeals held, in substance, that the district court had no jurisdiction over the issue of child support, because neither of the parties had sought by their pleadings to invoke jurisdiction of the court to enforce the duty of plaintiff to support his minor children. The opinion recognized that, although defendant in her answer alleged that plaintiff had failed to meet his obligation of support, no actual claim for relief in that regard was asserted by the defendant.

The Court of Appeals, in arriving at its decision, relied on *Keller v. Guernsey,* 227 Kan. 480, 488, 608 P.2d 896 (1980), which states in the opinion as follows:

"A parent's duty of support may be enforced in civil proceedings in one or

more of at least three ways. Depending upon the circumstances of the individual case, the proper remedy may be: (1) proceedings under 60-1610(*a*); (2) proceedings under 23-451 *et seq.*; or (3) an action to enforce the common law duty of support."

Simply stated, the Court of Appeals reasoned that the defendant wife had failed to initiate proceedings to collect child support by using any of the three remedies suggested in *Keller*, so that the jurisdiction of the district court in the area of child support had not been properly invoked. It concluded that because defendant failed to assert a specific claim for child support, the district court had no jurisdiction either to enter an order for child support or to enforce the support orders entered in California or Colorado. The Court of Appeals, for that reason, reversed the district court's order permitting garnishment on the plaintiff's earnings for child support due either under the Kansas order or a judgment of another state. We granted the defendant's petition for review.

The basic issue presented for determination is this: Did the district court in the proceedings brought by plaintiff for child custody or rights of visitation have jurisdiction to enter a new order of support and to permit defendant to enforce that order by garnishment proceedings?

We have never before had occasion to rule on the specific question presented. Courts in other jurisdictions take opposing views. In 17 A.L.R.3d 764, there is an extensive annotation on a court's power in habeas corpus proceedings relating to custody of a child to adjudicate questions as to child support. Cases on both sides of the issue are set forth and discussed. Those cases which have denied jurisdiction of a court to award child support in proceedings brought to determine the custody of a child do so on the rationale that habeas corpus or other statutory procedures do not provide for support orders in such cases. Other courts take the view that a support order in such a proceeding is proper because a proceeding for the custody of a child is, *by its nature,* an equitable proceeding, and a court of equity, having assumed jurisdiction, will do complete justice in the case. For a good discussion of the question see *Howarth v. Northcott,* 152 Conn. 460, 208 A.2d 540 (1965), 17 A.L.R.3d 758.

In *Howarth,* the Connecticut court followed those jurisdictions holding that, in a child custody proceeding, a court may

make an appropriate order for support. In reaching that conclusion the court reasoned as follows:

"The primary purpose [of this habeas corpus proceeding] is to furnish a means by which the court, in the exercise of its judicial discretion, may determine what is best for the welfare of the child. . . . [Citations omitted.] The jurisdiction exercised by the court rests on its inherent equitable powers and exerts the force of the state, as parens patria, for the protection of its infant ward [Citations omitted]. The very nature and scope of the inquiry and the result sought to be accomplished call for the exercise of the jurisdiction of a court of equity." pp. 464-65.

The *Howarth* opinion then points out that, in an equitable action, the court endeavors to do complete justice, and states that an important factor for consideration respecting the welfare of a minor child is the matter of his financial support. In a child custody proceeding, the court should have available to it the broadest possible base upon which to determine what course will best serve the welfare and happiness of the child.

It is important to note that, in *Howarth*, the question of child support had never been made an issue in the formal pleadings filed by the parties. The defendant argued that the court could not award support because it was not made an issue by the pleadings. The court recognized that good practice requires that a specific claim for support should be made in all cases in which it is sought, and that the trial court should have required it to be done in that case. The court then noted that the defendant had not appealed immediately from the child support order and had recognized the validity of the order to the extent of seeking a modification of it.

Under all the circumstances in this case, we have concluded that the order of the district court requiring plaintiff to pay child support in the amount of $600 per month was a valid order and that the trial court had jurisdiction to enter the order. The rationale of *Howarth* is consistent with basic principles of law recognized by the appellate courts of Kansas in past decisions. It would be helpful to review some of those principles of law:

The paramount concern of courts in every child custody proceeding is the welfare and best interests of the child. In the interest of a minor child's welfare, a court of this state, when the child is physically present therein, has jurisdiction over his care, custody and control, although the court of a sister state has "concurrent jurisdiction." *Miracle v. Miracle,* 208 Kan. 168, 490

P.2d 638 (1971); *In re Johnson,* 210 Kan. 828, 504 P.2d 217 (1972); *In re Nelson,* 216 Kan. 271, 276, 531 P.2d 48 (1975).

In determining the right to the custody of a child, the court is dealing with a matter *equitable in nature* where the child's welfare is the supreme consideration, irrespective of the rights and wrongs of its contending parents, although the natural rights of the parents are entitled to due consideration. *Price v. Price,* 187 Kan. 292, 297, 356 P.2d 1013 (1960). For example, the equitable doctrine of clean hands is applicable in a child custody proceeding and may be considered in determining the issue of child custody. *Perrenoud v. Perrenoud,* 206 Kan. 559, 480 P.2d 749 (1971); *Anderson v. Anderson,* 214 Kan. 387, 520 P.2d 1239 (1974).

In a proceeding which is equitable in character, the court has the power and authority to make a full and final adjudication of all matters properly before it when necessary for a complete and final adjudication. The court is not compelled to leave such matters for separate and future litigation. *Row v. Artz,* 168 Kan. 71, 73, 211 P.2d 66 (1949). Stated in another way, where a court of equity has all the parties before it, it will adjudicate upon all of the rights of the parties connected with the subject matter of the action, so as to avoid a multiplicity of suits. *Seibert and Lykins v. Thompson,* 8 Kan. *65 (1871).

Considering these basic principles and the authorities cited above, we hold that, in a proceeding relating to child custody or visitation, a district court may order child support payments. We believe that the restrictive view to the contrary, that it cannot, only encourages multiplicity of litigation and waste in the administration of justice. We hold that where a trial court has before it the question of child custody or rights of visitation, the court may properly condition a father's rights of visitation upon his payment of child support, after considering the history of the parties' relationship, the age of the children, and the past conduct of the noncustodial parent in exercising rights of visitation. Although there is responsible authority for the view that visitation rights should not be conditioned upon the payment of support, based upon the theory that visitation aids the child's psychological development whereas support caters to the child's physical needs, we believe that the better view is to allow a trial court, in its discretion, to condition visitation rights upon the father's payment of reasonable child support. To do otherwise

would amount to overindulging an irresponsible father in preserving his right of visitation, while refusing to use one of the better means available to the court to encourage him to discharge his obligation of support. See, in this regard, *Reardon v. Reardon*, 3 Ariz. App. 475, 415 P.2d 571 (1966).

In the case now before us, we find no abuse of discretion in the order of the district court which requires the plaintiff to pay $600 per month child support as a condition to obtaining rights of visitation. Plaintiff obviously recognized that payment of child support was a proper consideration for the court when he alleged in his petition that he was current in his child support payments. This allegation was denied in defendant's answer. Both parties prayed for equitable relief. The court was advised that the plaintiff, as a pilot for United Airlines, was making in excess of $60,000 per year. There is no real contention in the record by plaintiff that a child support order of $600 per month for the support of his three teen-age children would be unreasonable. We have thus concluded that the district court did not abuse its discretion or commit reversible error in entering a child support order of $600 per month. We thus affirm the trial court's order for child support in that amount and turn now to the issue of the continuing garnishment order for the collection of past due child support ordered by the California court.

We agree with the Court of Appeals that the garnishments authorized for the collection of support due under the judgment of the California court were improper. The defendant at no place in her answer asserted a claim to enforce the child support judgment entered in the State of California in 1971. Absent an appropriate pleading setting up a claim or counterclaim to enforce the California judgment, the enforcement of the California support order was beyond the jurisdiction of the Kansas district court. At no place in the record do we find a copy of the California judgment. The plaintiff was never afforded a hearing to determine the sums which might be past due on that judgment. On this issue, we agree with the Court of Appeals that the order for a continuing garnishment to enforce the California judgment was void for want of jurisdiction.

For the reasons set forth above, we uphold the judgment of the district court requiring plaintiff to pay $600 per month child support and the garnishments enforcing the same. We reverse

the district court's orders permitting defendant to maintain garnishment proceedings for the enforcement of the California judgment. We remand the case to the trial court with directions to afford the parties a full and complete hearing on all issues raised by the parties either in present or amended pleadings. It is further ordered that defendant should not be permitted to pursue further garnishment proceedings until a full hearing has been afforded the plaintiff by the district court.

SCHROEDER, C.J., dissenting: The Court of Appeals properly analyzed the pleadings in this case, isolated the issues to be decided and determined them in accordance with Kansas law.

The defendant in the trial court was the mother of three children and she wanted nothing to do with the plaintiff who was her prior husband and the father of her three children. Under no circumstances did she want the father of these children to have visitation rights with her children. She was so adamant in her position that she sought no order for child support, nor did she file any counterclaim specifically requesting payment of arrears in child support arising from the California decree or the Colorado decree. In her answer to the petition the defendant denied that plaintiff was entitled to a change of custody or visitation rights, and she prayed that the plaintiff take naught by his petition for custody and that the defendant be granted *expenses, costs, attorney fees,* and "such other and further relief as the court may deem just and equitable." All she wanted was to be free of any contact with her former husband so she could live in peace with her children *and her new husband (Hughes) who was supporting them.*

Under these pleadings the trial court undertook to impose child support orders as a condition to visitation rights; and when the defendant was confronted with the possibility of visitation rights by the plaintiff, she sought through her attorney to impose intolerable financial burdens upon the plaintiff without pleadings *or any hearing in the trial court* to support her actions. Under these circumstances the Court of Appeals, in my opinion, properly held jurisdiction of the district court in the area of child support, or to enforce the support orders entered in California and Colorado, had not been properly invoked.

McFARLAND, J., joins the foregoing dissenting opinion.