**February 5, 1990**

IN THE SUPREME COURT OF THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

ANA MAGOFNA ROBINSON, ) APPEAL NO. 89-012
 Plaintiff/Appellee, ) CIVIL ACTION NO. 89-366
 )
 vs. )
 ) OPINION
JOHN HENRY ROBINSON, )
 Defendant/Appellant. )
_____)

Argued December 20, 1989

Counsel for Defendant/Appellant: Douglas F. Cushnie
 P. O. Box 949
 Saipan, MP 96950

Counsel for Plaintiff/Appellee: Michael A. White
 P. O. Box 222 CHRB
 Saipan, MP 96950

BEFORE: VILLAGOMEZ and BORJA, Justices, and HILLBLOM, Special
Judge.

BORJA, Justice:

## BACKGROUND

This was an action for divorce filed by Ana Magofna Robinson (hereafter "wife") against John Henry Robinson (hereafter "husband"). Wife sought custody of the parties' adopted minor child. Husband did not seek custody but requested reasonable visitation rights. He attempted to have the child placed with the natural parents, the wife being the sister of the natural

83

father.

Prior to the trial, temporary orders were sought by wife, and granted, placing custody of the child with the wife, with visitation rights granted to husband. The court, in its April, 1989, Order, allowed husband the right to visit the child, at a place other than the wife's residence, every Tuesday and Thursday. The court, also, allowed the husband to have the child on two week-ends, between April and May, 1989.

Wife moved to terminate the April temporary Order. The court denied such motion and ordered in May that the visitation rights of husband would continue as before, except that only the wife's brother could return the child to the wife, and that husband could take the child on alternate week-ends.

During closing argument at trial, wife asked that the week day visitations be suspended during the school year, that husband be allowed to take the child on alternate week-ends, and that during the summer vacation, she would abide by whatever the court decided. Husband opposed the termination of the week day visitations, and argued that week days should be open ended so that he could visit the child at any time. He did not specify in detail how this was to be accomplished. With regard to vacations, he requested that he have the child on alternate weeks, the whole week.

Judgment was entered on June 28, 1989, which, among other things, granted the divorce and placed custody of the child with

the wife, with visitation rights to the husband. Husband was allowed to take the child on alternate week-ends, starting 6:00 p.m. on Friday and ending 6:00 p.m. Sunday. Weekday visitations were removed.

On June 28, 1989, husband moved for a new trial on the visitation issue. His ground was that the court did not use the best interests of the child standard primarily because, if it had done so, it would not have reduced the visitation rights. He was arguing that there was no basis for the court to reduce the visitation rights that were granted in the temporary order of May.

The motion was denied, and this appeal followed.[1]

## ISSUES PRESENTED

The issues presented on this appeal are:

1. What is the applicable standard to be applied by the trial court with regard to visitation rights;

2. Whether the trial court properly applied such standard; and

3. Whether the trial court abused its discretion

---

[1] Husband's Notice of Appeal stated that the he was appealing the order denying the motion for a new trial. This was erroneous. However, this Court will overlook this technical error and treat the appeal as being from the Decree. Wright & Miller, Federal Practice and Procedure: Civil § 2818.

in denying husband's motion for a new trial.[2]

## STANDARD OF REVIEW

The first issue deals with a question of law. As such, it is freely reviewable. Marianas Public Land Trust v. Government NMI, 2 CR 870 (N.M.I.D.Ct. App.Div. 1986); EDLF v. Pangelinan, 2 CR 451 (App.N.M.I.D.Ct. App.Div. 1986); and Elayda v. J & I Construction Co., 1 CR 1025 (N.M.I.D.Ct. App.Div. 1984). The standard of "freely reviewable" is the same as de novo review.

The second issue, because our statute, 8 CMC § 1311, gives discretion to the trial court, is subject to the abuse of discretion standard. Accord, Julsen v. Julsen, 741 P.2d 642 (Alas. 1987); Sholby v. Sherrill, 632 P.2d 270 (Ariz. 1981); Gilbert v. Warren, 594 P.2d 696 (Nev. 1979); Slade v. Dennis, 594 P.2d 898 (Ut. 1979); and Yee v. Yee, 404 P.2d 370 (Haw. 1965).

The third issue also concerns the exercise of a trial court's discretion. Therefore, the scope of review is limited to whether there has been manifest or gross abuse of discretion. Marfega v. Soo, 2 CR 1031 (N.M.I.D.Ct. App.Div. 1987); and Guam Memorial Hospital v. Dale, 2 CR 291 (N.M.I.D.Ct. App.Div. 1985).

---

[2] Although the parties did not specifically raise this issue, this Court will treat husband's Notice of Appeal as raising this issue.

-86

ANALYSIS

I. Applicable Standard in Custody and

Visitation Rights Issues

The pertinent statute is 8 CMC § 1311. This statute states, in relevant part, that

> In granting or denying an annulment or a divorce, the Court may make such orders for custody of minor children ... as it deems justice and the best interests of all concerned may require.[3]

Husband's position on this appeal is that the above statutory provision does not specify whose best interests control. Husband maintains that the standard should be that the best interests of the child controls. He does not propose that the statute should be struck down by this Court. He does state that this Court must interpret the statute to mean that the standard should be that the best interests of the child should be the paramount concern of the trial court.

Wife counters this with two (2) arguments. She first argues that our statute requires the trial court to determine the best interests of all concerned. Alternatively, she argues that our statute does not conflict with the best interests of the child

---

[3] Visitation is not specifically mentioned in the statute. However, neither party raised this as an issue. As such, this Court will assume, without deciding, that visitation is included within the statute.

87

standard. She further states that the trial court did, in fact, consider primarily the best interests of the child.

Our statute is a carry over from the days of the Government of the Trust Territory of the Pacific Islands. The language of the provision cited above is exactly the same now as it was when it was first codified in the Trust Territory Code. As such, the interpretation of such a provision by the High Court of the Trust Territory of the Pacific Islands will be helpful.

As far back as 1959, in Yamada v. Yamada, the Trial Division of the High Court interpreted this statute to mean that the custody of children, in an action for divorce, is controlled primarily by the best interests of the children. 2 TTR 66. Throughout the days of the High Court, both Trial and Appellate Divisions were consistent in this interpretation. In one of its last cases, the Appellate Division of the High Court, in Eram v. Threadgill, 8 TTR 345 (1983), again recognized the standard enunciated in Yamada. The dissent in the Eram case also recognized such standard.

This Court finds no valid reason to depart from the interpretation of the High Court. This is consistent with the statute. We, therefore, hold that the applicable standard in custody and visitation rights issues is that the best interests of the child control.

This is not to say that the interests of all concerned should not be considered. The courts must take into account the

88

interests of all concerned. Not only does the statute require this, but also, it is just and proper. For example, the interests of the parents are also important. Our courts should highly regard the natural relationship of love and affection which normally exists between parents and children.

## II. Trial Court's Application of Standard

█ Our statute does not leave any doubt that the trial court has discretion in entering orders regarding custody and visitation of a child. The statute specifically states that "the Court may make such orders ... as it deems justice and the best interests of all concerned may require." These words can only mean that the trial court has discretion in the matter.

█ In _Reardon v. Reardon_, 415 P.2d 571 (Ariz. 1966), a case involving the issue of visitation rights, it is stated that

> 'To determine that there has been an abuse
> of discretion, ... the record must be devoid
> of competent evidence to support the
> decision of the trial court. Further, in
> testing the sufficiency of the evidence it
> must be taken in the strongest manner in
> favor of the appellee and in support of the
> court's findings, and a judgment will not be
> disturbed when there is any reasonable
> evidence to support it.'

415 P.2d at 575.

In reviewing the record, we cannot say that the record is completely devoid of competent evidence to support the trial court's decision on the visitation rights issue.

The trial court heard extensive testimony by both parents,

89

including answers to its own questions. It talked to the child privately. And it listened to the testimony of a teacher of the child, again including responses to its own questions.

The record is replete with the trial court's concern for the interests of all parties. Although the trial court did not specifically come out and say that it considered the interests of the child primarily, there is sufficient evidence in the record to conclude that it did so.

Husband argues that there is nothing in the record showing that circumstances had changed from the time the temporary order was issued to the time the judgment was entered. Therefore, the trial court had no basis to modify the visitation rights that were granted in the temporary orders. We disagree.

The basis for the trial court's decision was all the testimony it had before it _after_ the trial. Those testimonies were lacking at the time of the temporary order. The trial court had to exercise its sound discretion when it issued its temporary order, without the benefit of a full-blown trial. Once the trial was completed, it had the benefit of all competent evidence and could change whatever temporary order it had earlier issued. The trial court's exercise of its discretion was sound.

This Court takes note, as admitted by both parties during oral argument, that custody and visitation rights are always subject to the trial court's continuing jurisdiction. The right exists for husband to petition the trial court to modify the

90

visitation times in view of changed circumstances at any time.

### III. Denial of New Trial

 Whether a trial court has abused its discretion in denying a motion for a new trial is determined by applying the test enunciated in Guam Memorial Hospital v. Dale, supra. That test is stated as first determining whether the moving party would actually be prejudiced by the denial of the motion, and if so, whether the moving party could have prevented such prejudice at trial. 2 CR at 304.

 Husband's motion for a new trial was based on an alleged error of law. The trial court denied such motion because it concluded that it did use the applicable law. We agree.

A review of the record shows that husband would not have been prejudiced by the denial of a new trial. The trial court would have been required to take into account the same law that it did during the original trial. And as we have earlier concluded, it properly applied such law to the circumstances of the case. It was within its sound discretion to deny husband's motion for a new trial.

Because we have answered the first part of the test in the negative, there is no need to address the second part.

### III. Conclusion

The record supports the conclusion that the trial court did

91

in fact consider the best interests of the child as the controlling factor. It also considered the interests of all others concerned. The trial court did use the correct standard, and properly applied such standard to the facts of this case. It did not abuse its discretion. Neither did the trial court manifestly or grossly abuse its discretion in denying husband's motion for a new trial.

The trial court's judgment is AFFIRMED in all respects.

_____
Ramon G. Villagomez
Associate Justice

_____
Jesus C. Borja
Associate Justice

_____
Larry Hillblom
Special Judge